[No. 6,528.—Department No. 2.]

## WILSON v. MADISON ET AL.

ACTION TO QUIET TITLE—PUBLIC LAND—PRIOR POSSESSION.—In an action to quiet title, brought by the grantee in a constable's deed made upon an execution sale, in an action against one in possession of the land, it appeared from the plaintiff's evidence that the land was public land, and the Court granted a nonsuit on that ground. *Held*, that the Court erred; that the defendant, having shown no title whatever, could not rely upon an outstanding title in the United States.

ID.—ID.—ID.—The legislation of the State from the beginning has treated the possession of public land as legal, and as vendible under execution, and has protected the title of the purchaser.

SHERIFF'S DEED.—It may be regarded as settled in this State that the misrecital of the execution in an officer's deed will not affect the validity of the deed, if the officer had authority to sell.

ID.—RETURN ON EXECUTION.—The title of a purchaser at an execution sale does not depend on the return on the execution.

CROSS-COMPLAINT—ACTION TO QUIET TITLE.—In an action to quiet title, where the defendant relies upon title in himself, a cross-complaint is unnecessary; and, if one is filed, it will not entitle the defendant to have the issues arising thereon first tried.

APPEAL from a judgment for the plaintiff, in the Eighteenth District Court, County of San Diego. McNEALY, J.

The facts are stated in the opinion.

*W. Jeff. Gatewood, Thos. P. Slade, A. B. Hotchkiss,* and *F. Ganahl,* for Appellant.

It is conceded that the title to the land is in the United States, but the plaintiff claims that that fact does not preclude him from the remedy invoked in this suit under Code of Civil Procedure, § 738. (*Pierce* v. *Felter,* 53 Cal. 18; *Stoddart* v. *Burge,* id. 394; *People* v. *Moore,* 12 id. 70.) It does not vitiate the deed that the execution is erroneously recited. (*Blood* v. *Light,* 38 Cal. 659; *Hunt* v. *Loucks,* 38 id. 372.)

*Chase & Leach,* for Respondent.

THORNTON, J.:

James Wilson sued the defendants in the District Court for the County of San Diego, to quiet his title to a tract of land situate in that county. The defendant Madison answered and

set up a cross-complaint, to which pleading, last-mentioned plaintiff filed an answer. The defendant Tull suffered a default. When the plaintiff rested his case on the complaint, on motion of defendant Madison, the Court ordered a nonsuit, and from the judgment of nonsuit plaintiff brings an appeal to this Court.

The case was tried by the Court, a jury having been waived, and the plaintiff, to sustain the issues on his part, introduced the following evidence : The record from a Justice's Court from Agua Caliente Township, County of San Diego, brought by one W. J. Gallaspy against A. Hatfield on a promissory note, summons with return of service on defendant, demurrer of defendant by attorney, and a judgment in favor of plaintiff and against defendant for the sum of $28.50 and costs. This judgment was rendered and entered on the 6th of November, 1876, and on the same day, as appears from the testimony, an execution in due form of law was issued, which came to the hands of Thomas Bundy, constable, on which the following return was made :

"Received on the within execution the sum of $78$\frac{25}{100}$ for 3,600 pounds of potatoes at $\frac{1}{2}$ cent, bid in by D. D. Bailey ; and for 267 bushels of charcoal at 3 cents per bushel, bid in by D. D. Bailey ; and for 20,900 pounds of hay at $\frac{1}{4}$ cent per pound, bid in by W. N. Shaw. Received on the within execution $120 for the ranch advertised and sold to James Wilson on the 18th day of December, 1876. Total received on the execution, $198$\frac{25}{100}$. Total amount due on the execution, $207$\frac{55}{100}$. Balance due on the execution, $9$\frac{30}{100}$. This, the 10th day of December, 1876. THOS. BUNDY, Constable."

The plaintiff also offered in evidence a certificate of sale of the property in controversy issued to him by the constable, bearing date the 18th of December, 1876, and a deed executed by the same officer to him on the 21st of June, 1877. These two documents just mentioned contain the following recitals : That by virtue of an execution in the action above entitled, ( *Gallaspy* v. *Hatfield*) tested the 18th day of December, 1876, by which he was commanded to make the amount of five dollars and 30-100ths to satisfy the judgment in said action, with costs thereon, out of the personal property of A. Hatfield, the defendant in said action, and if sufficient personal property could not be

found, then out of the real property belonging to said Hatfield, on the 6th day of November, 1876, or at any time thereafter, as by the said writ more fully appears, he has levied on and this day sold at public auction, according to the statutes, etc., to James Wilson, who was the highest bidder therefor, for $120, the real estate, describing it.

Thomas Bundy, the constable, was called, and testified that he levied the execution produced. The return to it was written according to his orders and instructions.

It is sufficient to say, without stating it here, that the testimony of Bundy, Monroe, Ijams, and the plaintiff, at least tended to show that the land levied on under execution, and conveyed by the deed, was the same land sued for.

It appears that the plaintiff, for the purpose of identifying the land sued for with the lot sold under execution, offered in evidence a declaration of homestead in legal form by A. Hatfield, the defendant in execution.

The plaintiff rested, and defendant moved for a nonsuit, on the ground that the plaintiff had failed to show any title, or right, or interest in the property in controversy, and had failed to make a case upon which the Court could enter judgment in his favor. The Court granted the nonsuit, and " assigned as a reason therefor, that allowing all the testimony offered on the part of the plaintiff, it appeared that he had no right, title, interest, or estate in the premises in controversy, as the title was in the United States Government, and therefore could not maintain this suit, and that it was unnecessary to determine the other points of the motion." The plaintiff excepted to the order granting a nonsuit, and appeals from the judgment entered upon it.

The Court erred in its ruling. We see no ground upon which the defendant could rely upon an outstanding title in the United States. He has shown no privity with Hatfield, the judgment debtor, or any title whatever. The legislation of this State from the beginning has treated such possessions as that of Hatfield as legal and vendible under execution, and has protected the title of the purchaser, regardless of the fact that the land in controversy is really public land. The statutes passed with that view have been in harmony with the legislation of the Congress

of the United States. So far as the case proceeded on the trial, the Court could not see that the defendant was anything more than a mere trespasser. Under the circumstances he should not have been allowed to set up the title in the United States. The evidence admitted showed a case in which the plaintiff had a right to recover, and we cannot see in any point of view that the judgment of nonsuit can be sustained.

An objection is made that the execution is issued on the 6th day of November, 1876, and that it appears from the recital in the constable's deed that the sale was made under an execution issued on the 18th of December, 1876. This is obviously a mistake by the officer. The execution is identified by him in his testimony. There was but one execution produced on the trial. He, the officer, testified: "I levied the execution produced." "I acted under this execution."

The execution was tested and gave authority to sell, and it may be regarded as settled in this State that a misrecital of the execution in the officer's deed will not affect the validity of the deed if the officer had authority to sell. (*Blood* v. *Light*, 38 Cal. 659 ; *Hunt* v. *Loucks*, id. 382.)

The return on the execution shows a sale by the constable. The deed recites a levy, which is sufficient. (*Blood* v. *Light*, 38 Cal. 658, and cases there cited.) But, as was said in *Hunt* v. *Loucks*, 38 Cal. 383, " Whether the return be good or bad, sufficient or insufficient, is a matter of no moment to the purchaser, for his title depends on it in no respect whatever." (*Ritter* v. *Scannell*, 11 Cal. 238.)

A cross-complaint to quiet his title against plaintiff was filed by defendant in this case, to which an answer was put in by plaintiff, and a motion was made by the plaintiff that the issues arising on the cross-complaint and answer to it be first tried. The Court refused, and to this plaintiff excepted.

We see no error under the circumstances of this case in such refusal. In fact, we can see no necessity for a cross-complaint. Issue was joined on title by the complaint of plaintiff, and defendant's answer thereto, and if judgment passed for defendant, it would be an estoppel as to the title, which, under the rulings of the Supreme Court of California, would protect the defendant as well as a decree in his favor.

Judgment reversed, and cause remanded for a new trial.

SHARPSTEIN, J., and MYRICK, J., concurred.