[No. 12340. In Bank.—December 22, 1890.]

## WILLIAM WINTER ET AL., APPELLANTS, v. DUGALD McMILLAN, RESPONDENT.

APPEAL — NOTICE — JOINDER OF PARTIES. — An appeal from a judgment, and from an order denying a new trial, may be taken by one notice, although all of the parties to the former fail to appeal from the latter; and a notice stating who are appellants and what they respectively appeal from is sufficient.

ID. — DOUBLE APPEAL — UNDERTAKINGS — CLERK'S CERTIFICATE — DISMISSAL. — A motion to dismiss such appeals on the ground that but one undertaking was filed, instead of two, will be denied, where there is nothing to contradict the clerk's certificate that "sufficient undertakings on appeal in due form were properly filed."

POWER OF ATTORNEY — CONVEYANCE TO ATTORNEY IN FACT — FRAUD UPON PRINCIPAL. — A power of attorney authorizing the sale of real estate does not authorize the attorney in fact to give away the property, or to convey it to himself and wife for a nominal consideration, and such a conveyance is a fraud on the principal, and a nullity.

QUIETING TITLE — BURDEN OF PROOF. — In an action to quiet title, the burden rests upon the plaintiff to show title in himself, and if he fails to make out a case, he is not entitled to recover.

ID. — CROSS-COMPLAINT — EQUITABLE TITLE. — A cross-complaint is proper in an action to quiet title, when it seeks to enforce an equitable title against the plaintiff as the holder of the legal title.

ID. — EXECUTION SALE OF BENEFICIAL INTEREST — PLEADING. — Where the defendant in an action to quiet title has acquired the beneficial interest of the owner of the equitable title, by an execution sale, he is entitled to have it adjudged to him in the action; but in order to have it so adjudged, he must state the facts as fully in his cross-complaint as they should be stated in a bill in equity.

ID. — FAILURE TO ANSWER CROSS-COMPLAINT — HOMESTEAD — WAIVER. — In such action, evidence that the plaintiff's grantors had declared a homestead on the property is inadmissible, where the grantors have, by failure to answer the cross-complaint, waived any claim under the homestead declaration.

ID. — LIEN OF PLAINTIFF — TESTING VALIDITY BY CROSS-COMPLAINT. — Where the plaintiff alleges title in himself he cannot recover by showing simply a lien without possession or right of possession; but the defendant may, by cross-complaint, test the validity of a lien claimed by the plaintiff, if he alleges that the property which he has purchased at execution sale was conveyed to the plaintiff by the execution debtor merely to secure him against liability on a bond, and that no liability was incurred by plaintiff.

ID. — PARTIES — BENEFICIARY IN POSSESSION — EXECUTION SALE. — The defendant may, by his cross-complaint, bring in whatever parties are necessary to a determination of the controversy; and where the defendant claims under an execution sale of the interest of a beneficiary in possession, for whose benefit the plaintiff holds the legal title, such beneficiary is a proper and necessary party, and may be brought in by the cross-complaint.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*R. Percy Wright,* for Appellants.

A cross-complaint is not proper in an action to quiet title. (Civ. Code, sec. 438, 442; *Wilson* v. *Madison,* 55 Cal. 8; *Germania S. Soc'y* v. *Wagner,* 61 Cal. 349; *Miller* v. *Luco,* 80 Cal. 261.) New parties cannot be introduced by cross-complaint. (*Harrison* v. *McCormick,* 69 Cal.

616; *Niagara Mining Co.* v. *Bunker Hill Mining Co.*, 59 Cal. 612; *Shields* v. *Barrow*, 17 How. 417; Story's Eq. Pl., sec. 389; Daniell's Chancery Practice, 1647.) The demurrer to the cross-complaint should have been sustained. A cross-complaint must state all the requisite facts, to entitle the defendant to affirmative relief. (*Kreichbaum* v. *Melton*, 49 Cal. 50; *Brodrib* v. *Brodrib*, 56 Cal. 563; *Coulthurst* v. *Coulthurst*, 58 Cal. 239.) The allegation that the defendant is the owner, and entitled to possession as against the plaintiffs, is merely a conclusion of law. (*Turner* v. *White*, 73 Cal. 299; *Haven* v. *Seeley*, 59 Cal. 494; *Hutchinson* v. *McNally*, 23 Pac. Rep. 132.) It was error to exclude plaintiffs' declaration of homestead. (*Graves* v. *Baker*, 68 Cal. 133.) The deed executed by Helbing, as attorney in fact, to himself and wife, was erroneously admitted. The power of attorney was not properly acknowledged by Betty Bungen as a married woman. (Civ. Code, sec. 1094.) The deed was void. (*Boyd* v. *Blankman*, 29 Cal. 34; 87 Am. Dec. 146; *Mischoud* v. *Girod*, 4 How. 503; *Davis* v. *Rock Creek L. & W. Co.*, 55 Cal. 359; 36 Am. Rep. 40; 2 Perry on Trusts, 2d ed., sec. 602.) As all parties claim under Betty Knutsden, no proof of title previous to her was required. (*Whitman* v. *Steiger*, 46 Cal. 258; *Spect* v. *Gregg*, 51 Cal. 198; *Whissenhunt* v. *Jones*, 78 N. C. 361; *Ives* v. *Sawyer*, 4 Dev. & B. 51.) The parol evidence of the admission of plaintiff as to a less interest than a fee-simple was inadmissible. (1 Phillipps on Evidence, Cowen and Hill's and Edwards's Notes, 349; Abbott's Trial Evidence, 710; *Frink* v. *Roe*, 70 Cal. 296.) The judgment awards affirmative relief not authorized by the pleadings, and is therefore erroneous. (*Hungarian Hill G. M. Co.* v. *Moses*, 58 Cal. 168.)

*W. B. Tyler*, and *D. H. Whittemore*, for Respondents.

Two separate and distinct appeals cannot be taken by a single notice or undertaking. (*People* v. *Center*, 61 Cal.

192; *Sweet* v. *Mitchell*, 17 Wis. 125; *Noble* v. *Strachan*, 32 Wis. 317; *White* v. *Appleton*, 14 Wis. 190; *Skidmore* v. *Davies*, 10 Paige, 316.) A deed by an agent to himself is not void, but only voidable, and cannot be avoided by the agent or his grantee. (Story's Eq. Jur., sec. 316; *Rubidoex* v. *Parks*, 48 Cal. 217; *Kisling* v. *Shaw*, 33 Cal. 439; 91 Am. Dec. 644.) There is no proof that Beta Gade ever had title. The property belonged to the Helbings, who had the actual possession, which is *prima facie* evidence of title. The plaintiffs are mere mortgagees out of possession, having no title, and cannot sue to quiet title. (*Jackson* v. *Lodge*, 36 Cal. 43; Code Civ. Proc., sec. 744.) A cross-complaint is proper when affirmative relief against the plaintiff is sought respecting the property to which the action relates. (Code Civ. Proc., sec. 442; *Lynch* v. *Brigham*, 51 Cal. 491; *Hills* v. *Sherwood*, 48 Cal. 392.) The Helbings were proper parties plaintiff, and it was proper to bring them in by the cross-complaint. New parties may be added by a cross-complaint which is filed for affirmative relief. (*Brandon Mfg. Co.* v. *Prince*, 14 Blatch. 371; *Jones* v. *Smith*, 14 Ill. 229.)

PATERSON, J.—This action was brought against the defendant, McMillan, to quiet the title of the plaintiffs, Winter and Wright, to a lot of land in San Francisco. The defendant answered, denying that the plaintiffs were the owners of or had any interest in the land, and at the same time filed a cross-complaint which alleges, in substance, that plaintiffs never had any interest in the property, except the naked legal title, which was conveyed to them by Louis and Louise Helbing, on June 3, 1881, without consideration, and with intent to hinder, delay, and defraud the creditors of said grantors; that G. Henninger and wife recovered judgment against the said Louis Helbing for the sum of three thousand five hundred dollars, and costs, November 11, 1881, in an

action for damages commenced April 30, 1881; that thereafter the property in controversy was sold to defendant on execution issued on said judgment, and in due time the sheriff executed and delivered to him a deed therefor; that the deed of the Helbings to plaintiffs was given to secure the latter against any damages they might sustain by reason of their becoming sureties on a penal bond given by said Louis Helbing, but no liability was incurred by plaintiffs on said bond; that the title still stands on the records in the name of the plaintiffs, but the said Helbings have continued to hold and now are in possession of the land, claiming some interest therein; that the controversy as to the title to the land cannot be settled without having the said Helbings before the court; that defendant is the owner of the property, and entitled to the possession of the same. The prayer of the cross-complaint is, that the Helbings may be brought in by summons and required to show what right, if any, they have to the property, and for a judgment that neither plaintiffs nor the Helbings have any right, title, or interest in or to the land in controversy. By order of the court, a summons was issued and served on the Helbings, but it seems that they made no appearance. The plaintiffs filed a demurrer, which was overruled. They then filed an answer, denying all the allegations of the cross-complaint, and alleging that Louis Helbing had never had any right, title, or interest in the property, except such as he derived from a claim of homestead, which interest was exempt from execution and forced sale.

The court found that plaintiffs were not the owners of or entitled to the possession of the property; that the Helbings were the owners of the property on June 3, 1881, when they deeded the same to plaintiffs simply to secure them against any liability as sureties, and that no liability had been incurred on the bond; that defendant purchased the property at execution sale, as alleged by him,

and is the owner thereof.   Judgment was entered in accordance with the findings.   Plaintiffs moved for a new trial, which motion was denied.   Thereupon the Helbings united with the plaintiffs in a notice of appeal from the judgment, which notice included also a notice of appeal by the plaintiffs from the order denying their motion for a new trial.

The respondents have moved to dismiss the appeal, on the ground that the appellants could not properly unite two separate and distinct appeals in one notice and in one undertaking.

An appeal from a judgment, and from an order denying a motion for a new trial, may be taken by one notice. The notice states who are appellants and what they respectively appeal from.   This is sufficient.   The clerk certifies that "sufficient undertakings on appeal in due form were properly filed."   There is nothing to contradict the fact stated.   The motion to dismiss is denied.

It does not clearly appear what is the basis of plaintiffs' claim of title.   They did not trace it back to any paramount source.   The burden of showing title in themselves rested upon the plaintiffs, and they failed to make out a case.   They showed that on November 10, 1879, Beta Gade gave Louis Helbing a power of attorney authorizing him to sell her real estate, and that on June 15, 1880, A. Hensler and his wife, Mary, made a quitclaim deed of the property to Beta, who was a sister of Mrs. Helbing.   What connection, if any, Mary had with the title does not appear, except that she had employed Helbing to put buildings on the land in February, 1878, and the only evidence that Beta ever owned or had possession of the property is, that "she walked over it," and "looked at it."   Both Beta and Mary were in San Francisco at the time of the trial in the court below, but neither was called as a witness.   On June 28, 1880, Louis Helbing, acting as attorney in fact for Beta Gade, for a nominal consideration sold and conveyed the property

to himself and wife. On June 3, 1881, Beta and her husband made and delivered to plaintiffs a deed of the property, which was absolute in form, and on the same day Helbing and wife executed to plaintiffs a similar instrument. A few days later, plaintiffs and the Helbings exchanged documents acknowledging that plaintiffs held the property in trust for two purposes; viz.: " to secure them against any loss which they might sustain by reason of their having become sureties on the bond above referred to, and to secure to plaintiff Wright payment for professional services which he had rendered, and should thereafter render, in certain proceedings." Plaintiff Wright did not prove what, if any, fees were due to him for services rendered. One of the bonds has been exonerated, and it does not appear that any liability has accrued on the other.

The basis of the defendant's claim of title is quite as uncertain as the plaintiffs'. The judgment under which he purchased the property at execution sale on June 9, 1884, was entered November 11, 1881. Under that purchase he took whatever right, title, and interest the Helbings had in the property at the date of the judgment. Helbing's deed of July 28, 1880, to himself and wife, is void. The power of attorney did not authorize him to give away the property, or to convey it to himself for a nominal consideration. His act was a fraud on the principal, and the conveyance is a nullity. (Code Civ. Proc., sec. 2306; *Dupont* v. *Wertheman,* 10 Cal. 368; *Randall* v. *Duff,* 79 Cal. 115.) It is true, the evidence tends to show that Helbing was the real owner of the property, and that the conveyances were made to mislead somebody,— probably creditors. He received but a few hundred dollars for two three-story houses. Soon after the houses were built, the Helbings went into possession of the property, and have ever since occupied the same. The plaintiffs promised to reconvey to the Helbings,— not to Beta. The Helbings then filed a home-

stead declaration on the property. They were heavily
in debt. There are many circumstances connected
with the transaction tending to show an attempt on the
part of all parties to conceal the identity of the real
owner. But the defendant himself offered a lease from
Beta Gade to Mary Hensler, dated March 1, 1878, by the
terms of which the premises were leased to the latter for
a term of five years. He also offered in evidence the
power of attorney from Beta Gade to Helbing, and the
deed executed by the latter to himself and wife, insisting
that the latter was not void. The defendant could not
thus affirm title in Beta Gade in support of his own title,
and deny it in answer to plaintiffs' claim of title under
the same source; he could not do so consistently, at
least. If Beta was the owner of the property, the title
passed to the plaintiffs herein by her deed of June 3,
1881, several months prior to the entry of the judgment
against the Helbings. But as stated before, it is impos-
sible to tell, from the evidence offered by the respective
parties, what is the basis of the claim of either. The
most that plaintiffs can claim, under the evidence intro-
duced by them, is a lien for the value of services ren-
dered by the plaintiff Wright, and for any liability
which may have accrued on the bond which has not
been exonerated. If Helbing was the beneficial owner
at the time defendant purchased at execution sale, the
latter took all his right, title, and interest, and is entitled
to have the same adjudged to him. To do this it will be
necessary for the defendant to amend his cross-complaint
so as to state the facts more fully, — as fully as they are
required in a bill in equity. (*Kreichbaum* v. *Melton*, 49
Cal. 50; *Brodrib* v. *Brodrib*, 56 Cal. 563.)

Plaintiffs offered to prove that Mrs. Helbing had de-
clared a homestead on the property June 29, 1880, but
the evidence was excluded. We do not think the court
erred in its ruling. The fact that the Helbings claimed
a homestead could not aid the plaintiffs as against the

defendant. The Helbings had, by their failure to answer defendant's cross-complaint, waived, as against the defendant, any claim under the homestead declaration, and their conveyance to the plaintiffs did not give to the latter any homestead right in the property.

Appellants contend that the demurrer to the cross-complaint ought to have been sustained; that a cross-complaint is improper in actions of this kind. In support of this contention, they cite *Wilson* v. *Madison*, 55 Cal. 8. All that case decides is, that where the relief demanded by defendent can be had upon the denials and averments of his answer, a cross-complaint is unnecessary. But there may be cases in which full relief cannot be given the defendant upon answer, and as in ejectment, a cross-complaint in such cases is recognized as a proper pleading, so that the whole controversy may be settled in one action; so here we see no objection to a cross-complaint upon the allegations of which, supported by proof, the defendant may take from plaintiff that which he would recover in equity; viz., the legal title. Section 442 of the Code of Civil Procedure provides that "whenever the defendant seeks affirmative relief against any party, relating to or depending upon the contract or transaction upon which the action is brought, or affecting the property to which the action relates, he may, in addition to his answer, file at the same time or by permission of the court subsequently, a cross-complaint. The cross-complaint must be served upon the parties affected thereby, and such parties may demur or answer thereto as to the original complaint."

Here the affirmative relief which the defendant is seeking certainly affects the property to which the action relates, and we think that the cross-complaint was a proper pleading. The plaintiffs claim the whole title. They could not maintain the action by showing simply a lien without possession or right of possession. But if the court denied their prayer because they showed at

most only a lien, the validity of the lien could be determined in another action. Why not allow the defendant, upon proper averments in his cross-complaint, to test in this action the validity of the lien claimed by plaintiffs? In other states it is held that cross-complaints in these actions are proper pleadings. (*Ludlow* v. *Ludlow*, 109 Ind. 199, and cases cited; *Venable* v. *Dutch*, 37 Kan. 515; *Allen* v. *Tritch*, 5 Col. 228; *Greenwalt* v. *Duncan*, 16 Fed. Rep. 612.)

But it is claimed that if it be conceded that a cross-complaint is a proper pleading in actions of this nature, new parties cannot be brought in by it. Whether this could be done under the old chancery practice is a question upon which the authorities are not agreed; but our code system is much broader and more liberal in this regard. The defendant is not, under our practice, confined in his cross-complaint to matters charged in the complaint. Thus in ejectment, as stated before, he may plead matters purely equitable, and secure equitable relief. Besides this, our statute provides that "when a complete determination of the controversy cannot be had without the presence of other parties, the court must order them brought in." (Code Civ. Proc., sec. 339.) A complete determination of this controversy, if the allegations of the defendant and the findings of the court are correct, could not be had without making the Helbings parties. The plaintiffs appeared to be and claimed to be the owners in fee. The Helbings were in possession. The defendant was entitled to the possession if the Helbings owned the property when the judgment was entered. A trial between the plaintiffs and defendant would have settled only half of the controversy, and it would have become the duty of the court, we think, when the facts appeared in evidence, to order the Helbings brought in as parties to the action. (*O'Connor* v. *Irvine*, 74 Cal. 443.) In other states it is held that in a proper case third parties may be brought in to answer

the defendant's cross-complaint. (*Allen* v. *Tritch,* 5
Col. 228; *Bunce* v. *Bunce,* 59 Iowa, 534.) Appellants rely
upon the case of *Harrison* v. *McCormick,* 69 Cal. 618. In
that case there was no necessity for a cross-complaint;
the claim was for damages,— purely a counterclaim,— in
which case, of course, the demand "must be one existing
*in favor of defendant and against a plaintiff, between whom
a several judgment might be had in the action.*" (Code
Civ. Proc., sec. 438.)

In this case a cross-complaint is proper to determine
the question as to the validity of plaintiffs' lien. If the
obligations of the bond have ceased, and no money is
due Wright for professional services, the defendant is
entitled to have those facts determined, and to receive
whatever affirmative relief he may prove himself in
equity entitled to. If the Helbings claim a homestead
upon the property, it is proper that they should be given
an opportunity to present the same, so that the rights of
all parties interested, or claiming an interest, may be
settled in one suit.

The record shows that the summons issued on the
cross-complaint was duly served on the Helbings, but is
silent as to whether any appearance was made by them.
We presume, of course, that no answer was filed; but if
they failed to appear and demur or answer within the
time allowed by law, their default therefor ought to have
been entered, and a memorandum of such default in-
dorsed on the cross-complaint. (Code Civ. Proc., sec.
670.)

The judgment is reversed, and the cause is remanded
for a new trial, with directions to the court below to
permit the parties to amend their pleadings in any re-
spect consistent with the nature of the action.

FOX, J., SHARPSTEIN, J., and McFARLAND, J., con-
curred.

BEATTY, C. J., concurred in the judgment.