[S. F. No. 2216.   In Bank. — April 6, 1901.]

ISLAIS AND SALINAS WATER COMPANY, Appellant, v. CHARLES R. ALLEN et al., Defendants.  R. C. DE BOOM, Respondent.

ACTION TO QUIET TITLE — DISMISSAL — AFFIRMATIVE RELIEF PRAYED IN ANSWER — MOTION TO STRIKE OUT. — In an action to quiet title, where the answer of the defendant sets up his title, and prays for affirmative relief to quiet the same as against the plaintiff, the plaintiff is not entitled to have such affirmative matter stricken from the answer, for the purpose of having the action dismissed, under section 581 of the Code of Civil Procedure.

ID. — CASE OVERRULED — CHANGE OF CODE. — The case of Wood v. Jordan, 125 Cal. 263, decided on the authority of Moyle v. Porter, 51 Cal. 639, without noting the change in the code since the latter case was decided, is overruled.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   J. M. Seawell, Judge.

The facts are stated in the opinion.

F. D. Brandon, and J. H. Henderson, for Appellant.

Leon Samuels, for Respondent.

HAYNES, C.—This action is prosecuted by the plaintiff against a large number of defendants, including one R. C. De Boom, to quiet its title to a large tract of land, being part of the Rincon de las Salinas, or Bernal Rancho, situated in the city and county of San Francisco.

De Boom alone answered, and after denying the material allegations of the complaint, alleged that he is the owner in fee, and in the possession and entitled to the possession, of a large number of lots and blocks, being a portion of the land described in the complaint, and after describing the portion so owned and possessed by him, alleged "that said plaintiff, as defendant is informed and believes, and accordingly alleges, claims an estate or interest in the lands described, adverse to said defendant; and this defendant alleges that the claim of said plaintiff is without any right whatever, and that said plaintiff has no estate, right, title, or interest in or to said lands, or any part thereof"; and after praying that plaintiff take nothing by its complaint, prayed "that it be ordered, adjudged, and decreed that this defendant is the owner in fee and entitled to the possession of the land hereinbefore described, and that plaintiff be forever enjoined from asserting any claim or title to any part thereof."

Plaintiff served notice that it would move the court to strike out that portion of said answer and of defendant's prayer above quoted, upon the ground that it was irrelevant and redundant, and also gave notice that upon said motion being granted, plaintiff would immediately move the court to dismiss the action.

Upon the hearing, which was had upon the complaint and answer, the court denied both parts of said motion, and plaintiff excepted.

The plaintiff then moved the court to dismiss the said action as against defendant De Boom, upon the ground that plaintiff did not desire to further prosecute the said action as against said defendant, and deposited with the clerk the costs to which the said defendant would be entitled. This motion was also denied, and plaintiff excepted, and a bill of said exceptions was settled.

The action then came on for trial, and plaintiff offered no evidence, but moved, first, that a judgment of nonsuit be entered, and this being denied, moved for a judgment of dismissal, which was also denied, and exceptions were taken, and a bill thereof settled.

The defendant then introduced evidence in support of his allegations, and findings being waived, judgment was entered for defendant De Boom as prayed for, and plaintiff appeals from the judgment upon the judgment roll which contains said bill of exceptions.

The only question here presented for decision is, whether a plaintiff in an action to quiet title to real estate is entitled to dismiss his action as against a defendant who has answered and put in issue all the plaintiff's material allegations, and also alleged the material facts entitling him to a decree quieting his title as against the plaintiff and added a prayer therefor.

The plaintiff—appellant here—insists that his motion should have been granted.

Section 581 of the Code of Civil Procedure provides: "An action may be dismissed, or a judgment of nonsuit entered, in the following cases: 1. By the plaintiff himself, by written request to the clerk, filed among the papers in the case, at any time before trial, upon payment of costs, provided a counterclaim has not been made or affirmative relief sought by the cross-complaint or answer of the defendant."

Appellant's contention is, that affirmative relief is not sought by the answer, and that therefore he had a right to dismiss the action. If that were true, the plaintiff had a right to dismiss the action without applying to the court, and without moving to strike out any of the allegations of the answer or any part of the prayer.

It has been held in several cases that a cross-complaint alleging title in the defendant, and praying that his title be quieted as against the plaintiff, is not necessary, inasmuch as the issues raised by the answer to plaintiff's complaint, if found for the defendant, and judgment entered thereon, would operate as an estoppel, and protect the defendant as well as a decree in his favor upon a cross-complaint. (*Wilson* v. *Madison*, 55 Cal. 5, 8; *Miller* v. *Luco*, 80 Cal. 257.) There are cases, however, where a cross-complaint in actions to quiet title are

necessary to the defendant's protection.   (See *Winter* v. *Mc-Millan*, 87 Cal. 256, 264.[1])

Appellant relies principally upon *Wilson* v. *Madison* and *Miller* v. *Luco, supra.*

In the last-named case, all that was said upon this question was the following: "There was no error in striking out the defendant's cross-complant.   In an action to quiet title, where defendant relies upon title in himself, a cross-complaint is unnecessary.   (*Wilson* v. *Madison*, 55 Cal. 5; *Germania etc. Ass'n* v. *Wagner*, 61 Cal. 349.)   Besides, as judgment was given for plaintiffs, the error, if any, was harmless."   In that case the plaintiff did not move to dismiss his action.

In the other case (*Wilson* v. *Madison, supra*), there was no dismissal of the case by the plaintiff, nor any motion to strike out the defendant's cross-complaint to quiet his title against the plaintiff to which the plaintiff had filed an answer.   Upon that state of the pleadings, the defendant moved that the issues raised by the cross-complaint and the answer thereto be first tried.   This motion was denied.   This court held that, under the circumstances, the ruling was not erroneous, and said: "In fact, we can see no necessity for a cross-complaint.   Issue was joined on title by the complaint of plaintiff and defendant's answer thereto, and if judgment passed for the defendant it would be an estoppel as to the title, which, under the rulings of the supreme court of California, would protect the defendant as well as a decree in his favor."

Appellant also cites *Wood* v. *Jordan*, 125 Cal. 263, which appears to directly sustain its contention.   That was an action to quiet title, and the defendant answered, setting up his title, and prayed for a decree establishing it, and enjoining the plaintiff from asserting any interest in the land.   Thereafter the plaintiff procured a dismissal of the action, and a judgment of dismissal was entered.   Defendant moved to vacate said judgment.   His motion was denied, and he appealed.   The court said: "He insists that by his answer he seeks affirmative relief, and that under section 581, subdivision 1, of the Code of Civil Procedure, it was erroneous for the court, under these circumstances, to dismiss the action.   But this contention has been definitely settled against him in *Moyle* v. *Porter*, 51 Cal. 639."

[1] 22 Am. St. Rep. 243.

*Moyle* v. *Porter, supra,* was correctly decided under section 581 of the Code of Civil Procedure as it then stood. The first subdivision as it then existed provided: "1. By the plaintiff himself, at any time before trial, upon the payment of costs, if a counterclaim has not been made"; and in that case the court said that "the answer of the defendant did not amount to a counterclaim." But now there is added to the foregoing subdivision the following: "or affirmative relief sought by the cross-complaint or answer of the defendant."

It would seem that *Wood* v. *Jordan, supra,* was decided upon the authority of *Moyle* v. *Porter, supra,* without the attention of the court having been called to the material change in the statute above specified, and should therefore not be regarded as authority in the present case.

The code plainly provides that the plaintiff cannot dismiss his action, if the defendant by his answer has sought affirmative relief. Whether he did so is therefore the question to be decided. Conceding that upon the denials in defendant's answer his title would have been quieted by a judgment in his favor if the plaintiff had prosecuted its action, it does not follow that he may not seek and be entitled to affirmative relief. The commencement of the action, and the allegations of plaintiff's complaint, were an attack upon defendant's title to his property, which, however unfounded, impaired the market value thereof and obstructed its alienation; and if the plaintiff should be permitted to dismiss the action, the defendant, in most cases, would feel compelled to bring an action to remove the stain upon his title. It is therefore important to him to prevent a dismissal and compel a trial of the action; and this he may do by setting up his own title and right of possession, and praying that it be quieted as against the plaintiff who has asserted an adverse right. It thus appears that the action to quiet title, in some of its features, is peculiar. The defendant's title may never have been questioned, and therefore no cause of action existed in his favor against any one; but the plaintiff, by bringing the action, created a cause of action in the defendant against the plaintiff, for it was the assertion of an adverse claim or interest in the same property.

In *Robinson* v. *Placerville etc. R. R. Co.,* 65 Cal. 263, the plaintiff alleged that he was the owner of certain bonds of the defendant, secured by mortgage to trustees, and sought to remove the trustees upon the ground that they had failed to

discharge the duties of the trust. The answer alleged that the bonds held by the plaintiff "were paid, satisfied, and discharged," and prayed that the bonds be delivered up and canceled, or in default of such delivery, be declared void. The court said, "The answer claimed affirmative relief, and the plaintiff was not authorized to dismiss his action."

In *Kitts* v. *Austin*, 83 Cal. 167, 172, the plaintiff, in an action to quiet title, was in possession of a portion of the land. The court said: "The defendant here, in her answer, set up her adverse claim of title to the property. She thereby became an actor, with the burden of proof upon her to establish her claim. And the court, having found that her adverse claim was superior to that of the plaintiff's, from which the right of possession flowed, properly included in its decree an award of the possession."

In *Hungarian Hill G. M. Co.* v. *Moses*, 58 Cal. 168, 176, the trial court, after judgment that plaintiff was not the owner of the property, and that defendants were the owners, decreed that the plaintiff's claims to the property were groundless, and that defendants were the true and lawful owners, "and that said defendants' title thereto is adjudged to be quieted against all claims, demands, and pretensions of the plaintiff, which said corporation plaintiff is hereby estopped perpetually from setting up any claim thereto, or any part thereof." This court said: "The answer of the defendants contained none of the elements of a cross-complaint, as distinguished from a defense to plaintiff's action, and contained no prayer for affirmative relief. The part of the decree awarding affirmative relief should be stricken out."

In the case before us, however, there were affirmative allegations, which, if sustained by the evidence, entitled the defendant to affirmative relief, and such relief was demanded.

Pomeroy, in his work on Code Remedies, 3d ed., p. 120, says: "Affirmative relief may certainly be given to the defendant upon his answer in all cases where, from the nature of the subject-matter and from the relations of the parties, a specific remedy in his favor is possible according to the doctrines of equity jurisprudence,—certainly in all cases where the answer can be considered as setting up a counterclaim. There are undoubtedly instances in which no such relief is possible. Where, however, the nature of the subject-matter and of the relations between himself and the plaintiff are such that he

could have maintained an independent suit in equity against the plaintiff and procured specific relief thereby, or could have filed a cross-bill under the old practice, he may now obtain the same remedy upon his answer,—at all events, as was before remarked, if the demand alleged in the answer constitutes a valid counterclaim."

Appellant also cites *Thompson* v. *Spraig*, 66 Cal. 350, where it was held that "when a cross-complaint has been stricken from an answer, leaving therein matters of defense only, the plaintiff may dismiss the case at any time before the trial, on payment of costs."

· It is conceded that in several cases of actions to quiet title, where the defendant is the owner and in possession, it has been held that a cross-complaint is "unnecessary," and may be stricken out. But no case goes beyond holding that in such a case the cross-complaint is unnecessary. Here, however, the notice of motion to strike out the affirmative allegations of the answer, and the prayer for affirmative relief, gave notice that upon said motion being granted the plaintiff would move immediately that the action be dismissed as to the defendant De Boom. In *Thompson* v. *Spraig*, *supra*, "the cross-complaint was stricken out on motion. Subsequently, the plaintiff dismissed the action." We think if the court in that case had been informed that the purpose for which the plaintiff desired to have the cross-complaint stricken out was, as here, that he might dismiss the action, his motion would not, and should not, have been granted.

We think the court did not err in denying appellant's several motions, and that the judgment should be affirmed.

Chipman, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

McFarland, J., Harrison, J., Garoutte, J., Van Dyke, J.

TEMPLE, J., dissenting.—I am unable to concur with my associates in the conclusion they have reached. If the issues tendered by the plaintiff had been tried, and found in favor of the defendant, and judgment entered accordingly, defendant would have had all the relief which he could get under the allegations of his answer. The judgment in either case would have been only an estoppel, and would, as a matter of fact,

have amounted to nothing more, even though, in terms, it had declared the defendant to be the owner. In either view it would have settled the question of title as between the parties, and could have had no further effect. Affirmative relief means relief which the defendant would not get by a judgment that plaintiff's allegations are all untrue. The answer shows that defendant is in possession of the demanded premises. In other words, the action, under our decisions, is really ejectment. A judgment for defendant would constitute a perpetual bar, and the so-called affirmative relief would be nothing more or other.

I am utterly at a loss to comprehend how the fact that the plaintiff might desire to dismiss the action—and if he does, the cloud would remain on defendant's title—can have any bearing on this question. To prevent the plaintiff from dismissing his action is not affirmative relief. That would be simply and only to compel the plaintiff to try his case, rather than to dismiss. This is not relief in an action, as the phrase is used, affirmative or otherwise. To say that this is the purpose of the claim to the supposed affirmative relief, is to admit that the purpose is not to get affirmative relief.

The same dilemma might arise in a suit upon a disputed money demand. The defendant might be very desirous of having the claim determined, but he claims no affirmative relief when, after denying the allegations of the complaint, he demands the judgment of the court that he owes plaintiff nothing. The supposed case is not analogous to the one in hand, simply because it is this case, and not another.

These are matters of procedure, and the code has provided that in such cases a plaintiff may dismiss his action after answer, without prejudice to his right to again sue. Whether this ought to be so is a matter of policy which it is not the province of the courts to determine.