[Civ. No. 1351.   Second Appellate District.—September 20, 1913.]

W. H. BROOKS, Appellant, v. MARTHA S. WHITE et al., Defendants; MARTHA S. WHITE, Defendant and Respondent.

QUIETING TITLE—RIGHT OF DEFENDANT TO SEEK AFFIRMATIVE RELIEF.— In an action to quiet title under section 738 of the Code of Civil Procedure, the defendant has the right to ask affirmative relief, either by answer, counterclaim, or cross-complaint, for the reason that his prayer for such relief, based upon sufficient facts, confers upon him the protection afforded by section 581 of the Code of Civil Procedure against dismissal of the action by the plaintiff against his objection.

ID.—FAILURE TO ANSWER CROSS-COMPLAINT—DEFAULT JUDGMENT.—But if the answer alleges ownership and possession on the part of the defendant, and prays that he be adjudged the owner and the plaintiff enjoined from asserting title, a cross-complaint, which is merely a repetition of the answer, is unnecessary, and the omission to answer the cross-complaint does not authorize the clerk to enter a default judgment or the court to render judgment otherwise than upon the merits.

DEFAULT JUDGMENT—FAILURE TO ANSWER CROSS-COMPLAINT.—The omission of a plaintiff to answer an unnecessary cross-complaint confers no authority upon the clerk to enter a default.

APPEAL from an order of the Superior Court of San Diego County denying a motion to vacate a default judgment.   T. L. Lewis, Judge.

The facts are stated in the opinion of the court.

Luce & Luce, for Appellant.

E. S. Torrance, for Respondent.

ALLEN, P. J.—An action to determine conflicting claims to real property, as authorized by section 738 of the Code of Civil Procedure, was instituted by plaintiff against defendants. Defendant Martha S. White filed an answer in due time denying the averments of the complaint, alleging ownership and possession of the premises involved, and asking

for affirmative relief in that she be adjudged the owner of the premises and that plaintiff be enjoined from asserting any claim thereto. At the same time she filed a pleading denominated a cross-complaint, alleging ownership and possession of the premises described in the complaint precisely as in the answer, and praying for the same affirmative relief as in the answer demanded. Service of this cross-complaint was admitted by attorneys, and plaintiff not answering the same within ten days, the clerk entered plaintiff's default, and the court, on December 5, 1910, rendered a judgment and decree as prayed for in the cross-complaint, which judgment was on the same day entered in the judgment book. On December 12th plaintiff gave notice of an intention to move for an order vacating the judgment and default because of the want of authority of the clerk to enter such default, and because of mistake, inadvertence, and excusable neglect on plaintiff's part in failing to answer such cross-complaint. This was supported by proper affidavits. This motion the court denied, and from such order made after judgment plaintiff appealed.

The only question presented upon this appeal relates to the effect which should be given the pleading denominated "cross-complaint" filed in an action of the character shown and under the circumstances presented by the record. For many years it was established in this state that in actions under section 738 of the Code of Civil Procedure a cross-complaint was unnecessary for the reason that full relief could be granted defendant upon the denials and averments of the answer. An exception to this rule was observed in *Winter* v. *McMillan,* 87 Cal. 256, [22 Am. St. Rep. 243, 25 Pac. 407], where additional parties were necessary in order that full affirmative relief might be awarded defendants, and to permit new and additional matters to be set out necessary for a full and complete determination of the rights of the parties. Subsequently, in *Islais etc. Co.* v. *Allen,* 132 Cal. 438, [64 Pac. 713], it was determined that affirmative relief similar to that asked for in the answer filed in this case under consideration was such relief as under section 581 of the Code of Civil Procedure prevented a dismissal upon the part of plaintiff. It is even suggested in that case that if affirmative relief was not demanded in the answer, a cross-complaint

demanding the same was permissible, the effect of either
being to prevent arbitrary dismissal by plaintiff. And in
*Johnson* v. *Taylor,* 150 Cal. 208, [119 Am. St. Rep. 181, 10
L. R. A. (N. S.) 818, 88 Pac. 903], it is determined that,
however unnecessary a cross-complaint may have been, yet
when parties answer the same and proceed to trial on the
merits, plaintiff would be held to have consented to the method
of procedure adopted. It is also suggested in the last men-
tioned case that *Islais etc. Co.* v. *Allen,* if not overruling the
earlier cases, seriously impaired their authority in reference
to the matter mentioned, but as before said, the matter in-
volved and the rule with reference to which is said to be
impaired, had no reference in fact to a cross-complaint, nor
to any matter other than the right of a defendant by his
answer to present facts entitling him to affirmative relief;
·and having done so, plaintiff, under section 581 of the. Code
of Civil Procedure could not dismiss without his consent.
Considering all of the decisions involving the office of cross-
complaint in actions to quiet title, we think it may be said
that defendant possesses the right to ask affirmative relief,
either in his answer, by way of counterclaim, or by cross-
complaint, even though the effect of a judgment that plain-
tiff's allegations are all untrue would insure to defendant
every right and fully settle the question of title between the
parties. This for the reason that such prayer for affirm-
ative relief, based upon sufficient facts, would confer upon
defendant the protection afforded by section 581 of the Code
of Civil Procedure, and this prevents an arbitrary dismissal
by plaintiff against defendant's objection. It seems plain
to us, however, that where the answer through its allega-
tions, as in the case at bar, fully and completely secures the
purpose mentioned, that another pleading in terms but a
repetition thereof, presenting no new issues, is not only un-
necessary, but serves only to encumber the record, and that
the issues being once fully and fairly presented by the com-
plaint and answer, further pleading upon the part of the
plaintiff is not required, and the omission to answer an
unnecessary pleading confers no authority upon the clerk to
enter plaintiff's default, or upon the court to render judg-
ment otherwise than upon its merits.

22 Cal. App.—46

We are of opinion, therefore, that the court erred in denying the motion to vacate the default and judgment, and the order is reversed and cause remanded.

James J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 19, 1913.