[S. F. No. 16543. In Bank. Mar. 24, 1942.]

CLARICE McC. COLLINS, Appellant, v. BRIDGE INVESTMENT COMPANY (a Corporation), Respondent.

Alfred J. Hennessy for Appellant.

Elliot W. Seymour for Respondent.

SHENK, J.—The plaintiff has appealed from a judgment quieting the defendant's title to certain described real property. The appeal was taken on the judgment roll alone. The amended complaint contained two causes of action. In the first cause of action the plaintiff alleged ownership of the real property, and the execution of a note and a trust deed in favor of the defendant; that he had defaulted in the payments required by the provisions of the trust deed note but that he had obtained a moratorium decree under the Mortgage and Trust Deed Moratorium Act of 1937 (Stats.

1937, p. 460; Deering's Gen. Laws, 1937, Act 5101) forbidding a sale of the property until after July 1, 1939; that on August 31, 1938, the court entered an order terminating the extension under the moratorium act and permitting a sale of the property; that at such sale the property was sold to the defendant, the beneficiary under the trust deed. The plaintiff further alleged that the order terminating the extension was void and that the sale was therefore in violation of the extension. Thus by the first cause of action the plaintiff attempted to base his claim of title on the asserted invalidity of the order terminating the decree granting to the plaintiff an extension under said act.

The second cause of action contained the usual allegations in a quiet title action, and referred to the same described property.

The defendant interposed a demurrer to the first cause of action on both general and special grounds, and a general demurrer to the second cause of action. On November 16, 1939, the court ordered the demurrer to the first cause of action sustained with leave to amend, and the demurrer to the second cause of action overruled with leave to the defendant to answer. The plaintiff declined to amend the first cause of action.

From the transcript presented by the plaintiff it appears that on January 15, 1940, the plaintiff filed a purported "dismissal of action as to the second count of amended complaint" and that on February 7, 1940, a "judgment on demurrer" was entered decreeing that the defendant "have judgment against the plaintiff as to the first cause of action set forth in the first amended complaint." The plaintiff's notice of appeal, dated February 29, 1940, is "from the final judgment rendered and entered in favor of the defendant in said action, and from the whole of said judgment." The foregoing comprises the entire transcript. It is disclosed without any question, however, that the trial court refused to recognize or permit the attempted dismissal of the second cause of action and proceeded to trial on the issues presented by that cause of action and by the denials in the defendant's answer and further allegations of fact whereby it sought affirmatively to have the title to said property quieted in the corporation; also that a final judgment was entered for the defendant on proof tendered in support of its affirmative allegations, quieting the title of the defendant to the real property described in the plaintiff's complaint. It is further indicated that the

"judgment on demurrer" was so styled by the plaintiff, and that the paragraph copied into the transcript as the "judgment on demurrer" was in fact one of the paragraphs contained in the final judgment from which the plaintiff noticed an appeal.

As justification for the omissions from the judgment roll the plaintiff asserts that the trial court erroneously refused to give effect to her "dismissal" of the second cause of action and in proceeding to trial thereon, and that inasmuch as she questioned only that ruling and the ruling on the demurrer to the first cause of action, she elected to bring before this court on the appeal only that portion of the judgment roll showing the "dismissal" and the disposition by the court of said demurrer.

■ There can be but one appeal on the record here involved which must be from the final judgment in the action, and the correctness of all intermediate orders and rulings are reviewable on the appeal from the final judgment. (Secs. 956, 963 (1), Code of Civil Procedure; *Estate of Smith*, 98 Cal. 636 [33 Pac. 744]; *Guaranty Trust & Savings Bank* v. *City of Los Angeles*, 186 Cal. 110 [199 Pac. 35].) By her failure to include in the judgment roll the entire final judgment, that is, by objecting only to that portion of the final judgment decreeing the disposition of the demurrer to the first cause of action and by failing to object to that portion of the judgment which determined the issues raised by the second cause of action and the defendant's answer, the plaintiff must necessarily be deemed to concede the finality of the judgment for the defendant on the second cause of action and the defendant's answer. In the absence of the record of that judgment it must be assumed that the trial court correctly exercised its jurisdiction in refusing to give effect to the plaintiff's purported dismissal; that is, that the answer of the defendant seeking affirmative relief was on file at the time the "dismissal" was sought by the plaintiff. ■ Where the defendant seeks affirmative relief in a quiet title action, the plaintiff is not entitled to dismiss the action as of right, (Sec. 581 (1) Code of Civil Procedure; *Islais & Salinas Water Co.* v. *Allen*, 132 Cal. 432 [64 Pac. 713].) The distinction sought by the plaintiff may not be made between actions and causes of action so as to except the latter from the applicability of that section. This is so especially where, as in the present case, the first cause of action was merely a restatement of the sec-

ond cause of action and the same probative facts were relied on by the plaintiff to establish her title pursuant to either. The plaintiff concedes that fact, and that "judgment for the defendant on the first count would make necessary a judgment for the defendant on the second count." Obviously a judgment for the defendant on the second count would also necessitate a judgment for the defendant on the first count. The conceded fact is a further sufficient answer to the contentions of the plaintiff. In the absence of a transcript of the evidence taken at the trial it must be assumed that the facts attempted to be stated in the first cause of action and the evidence in support thereof, upon which the plaintiff based her claim of title, were before the court on the trial of the issues presented by the second cause of action and that they, together with the evidence produced by the defendant, were sufficient to support the judgment thereon in favor of the defendant. The plaintiff has therefore failed to disclose any tenable reason for a reversal of the judgment.

The judgment is affirmed.

Gibson, C. J., Curtis, J., Edmonds, J., Houser, J., Carter, J., and Traynor, J., concurred.

Appellant's petition for a rehearing was denied April 20, 1942.