[L. A. No. 1239. In Bank.—October 16, 1903.]

## J. E. WHITE, Appellant, v. D. G. McGILLIARD, Respondent.

ACTION TO QUIET TITLE—POSSESSION OF DEFENDANT—TITLE NOT SHOWN BY PLAINTIFF—SUPPORT OF FINDINGS.—In an action to quiet title, where it appears that defendant is in possession, and there is no evidence to connect the plaintiff with any paramount title, an attack by the plaintiff upon a paper title of the defendant is sufficiently answered by the possession of the defendant, and findings that defendant is the owner and in possession and that plaintiff has no title, are sufficiently supported.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Jones & Weller, for Appellant.

R. L. Horton, for Respondent.

McFARLAND, J.—Action to quiet title to certain lands. It is averred in the complaint that the plaintiff is "the owner" of certain described premises; that defendant claims an interest in the premises adverse to plaintiff, but that the former's claim is without right, and that he has no estate, title, or inter-

est whatever therein; and that defendant "is in possession of said property without right, and that plaintiff is entitled to recover possession thereof from the defendant." The prayer is, that plaintiff be adjudged to be the owner of the premises, that defendant has no right or title therein, and that plaintiff recover possession..

The defendant in his answer denies that plaintiff is, or ever was, the owner of the premises, denies that defendant is without right or title, and denies that plaintiff is entitled to recover possession; and, by a cross-complaint, sets up that he is the owner, and prays for a decree quieting his title as against plaintiff. The court found that plaintiff was not the owner of the premises; that defendant was such owner and in possession; and that plaintiff "has no right, title, or interest whatever in said land and premises." Judgment was rendered for defendant, and from the judgment and from an order denying his motion for a new trial plaintiff appeals.

Respondent's contention that there is in the statement on motion for a new trial no specification of the insufficiency of the evidence seems to be answered by the amendment of the statement allowed by the trial court after the transcript was printed. Appellant's main attack is upon the validity of a certain title asserted by respondent, founded upon a deed of the treasurer of the city of Los Angeles, issued under a certain bond act; but respondent's possession is a sufficient answer to this attack, since appellant showed no title in himself. The court found that appellant had no title whatever; and we see nothing in the record to justify a disturbance of this finding. The statement merely shows that appellant "offered in evidence" a recorded deed, purporting to convey the premises from one A. K. Crawford to Alex Scott and J. A. Frawley; that he also "offered in evidence" the judgment-roll in the case of J. E. White *v.* Alex Scott, J. A. Frawley, et al., "purporting to foreclose a street-assessment lien" on the premises in contest; and also offered a deed from the sheriff of Los Angeles County "purporting to convey" the premises to appellant under the foreclosure proceedings. No one of these documents "purporting" to convey, foreclose, etc., appears in the record; and no other evidence was offered by appellant in support of his alleged ownership. It seems clear that these matters thus appearing in the record are not

in themselves sufficient to connect appellant with any paramount title to the premises, and do not show that the court erred in finding that he is not and was not the owner thereof.

The judgment and order appealed from are affirmed.

Angellotti, J., Van Dyke, J., Shaw, J., Lorigan, J., Henshaw, J., and Beatty, C. J., concurred.