[Civ. No. 341. Second Appellate District.—April 15, 1907.]

## Mrs. E. J. KELLER and HENRY KELLER, Appellants, v. G. D. McGILLIARD, Respondent.

ACTION TO QUIET TITLE—AFFIRMATIVE DEFENSE—FORMER JUDGMENT—ESTOPPEL.—In an action to quiet title, where the court sustained an affirmative defense that defendant had obtained a former judgment quieting his title to the same property, under the same issues against one for whom the plaintiff in the present action who claims the property is a mere agent, the former judgment pleaded operates as an estoppel against the plaintiff, and the defendant's source of title is immaterial.

ID.—FAILURE OF EVIDENCE—TITLE NOT TO BE RELITIGATED.—The real plaintiff cannot relitigate the title to the property involved in the former judgment, notwithstanding he failed to show of what the title claimed by him consisted at the time of the former trial. If a party fails to assert his claim properly, or to present the proper evidence in the first suit, he will not be permitted to litigate it in a second suit.

ID.—UNNECESSARY CROSS-COMPLAINT—REFUSAL OF MOTION TO STRIKE OUT NOT PREJUDICIAL.—The refusal of the court to strike out an unnecessary cross-complaint, which presented no issues other than those presented by the complaint and answer, is without prejudice, where no judgment was rendered upon the cross-complaint, but only on an affirmative defense set up in the answer.

ID.—OFFICE OF CROSS-COMPLAINT.—A cross-complaint in an action to quiet title may be used to present a case for affirmative relief in order to preclude a dismissal of plaintiff's action and to compel a determination of the rights of the parties to the action.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Jones & Weller, for Appellants.

R. L. Horton, for Respondent.

TAGGART, J.—This is an action to quiet title. Judgment was in favor of defendant McGilliard. Plaintiffs appeal from judgment and order denying their motion for a new trial.

The complaint is in the usual form. The action was dismissed as to the defendants Campbell and McC. Chaffey, and the answer of the defendant McGilliard first denies the material allegations of the complaint and then sets up three affirmative defenses:

1. That the property described in the complaint was conveyed by the sheriff of Los Angeles county to one J. E. White by deed made pursuant to a judgment foreclosing a street assessment lien against Alex Scott and J. A. Frawley and others; that said White thereafter brought an action to quiet his title to said property against the said G. D. McGilliard, defendant herein; that notice of the pendency of said action was filed in the recorder's office as provided by law; and that by the judgment of the superior court duly given and made in said action on the seventeenth day of September, 1901, it was decreed that said G. D. McGilliard, defendant herein, was the true and lawful owner of said property, and that his title thereto be quieted against the claims of the said J. E. White, and said White estopped from setting up any claim to the property against the defendant herein. That an appeal was taken by said White to the supreme court, and said judgment was duly affirmed by that court on the sixteenth day of October, 1903. That the plaintiff E. J. Keller acquired her title to the property by quitclaim deed from said Alex. Scott and J. A. Frawley, dated May 7, 1902. That the issues involved in this case are the same as those involved in *White* v. *McGilliard,* and that plaintiff is the direct successor in interest to the alleged title of said Scott and Fraw-

ley acquired after the entry of the judgment in the action of *White* v. *McGilliard*.

2. A title by adverse possession based upon a certificate of sale of said property for payment of a delinquent bond for street assessment, made to him by the city treasurer of Los Angeles city on October 19, 1898, actual possession and payment of all taxes for more than five years prior to the commencement of the action being alleged; and

3. That the deed by which plaintiff acquired title is void and of no effect.

By the same instrument, and as part thereof, said defendant McGilliard sets out a cross-complaint in the form, and containing the usual allegations, of a complaint to quiet title to the property described in the original complaint against the plaintiffs and his codefendants.

On the day of trial and prior to the decision of the case defendant was permitted by the court to amend his answer by adding the allegation: ''That the plaintiffs herein are closely related to the said J. E. White, the plaintiff in the case of *White* v. *McGilliard*, above mentioned, and are his agents and representatives, and that they have no interest in the property described herein, of any kind or character.''

The court finds all the averments, allegations and denials of defendants' answer and cross-complaint to be true, but the defense of adverse possession and void deed; and that the allegations, averments and denials of plaintiffs' pleadings are untrue.

Appellants specify as grounds for reversing the judgment: (1) That defendant did not set up in his answer his source of title, upon which the judgment was rendered; (2) error of the court in refusing to strike out the cross-complaint and in giving judgment thereon; and (3) insufficiency of the evidence to justify the court in finding that the treasurer's certificate of sale and deed passed the title to the defendant, and that the plaintiff was not the real party in interest.

To sustain their first point appellants assume that the only source of title pleaded by defendant was the city treasurer's certificate of sale and adverse possession. These were but parts of the same source of title set up in the second affirmative defense in the answer, and in no way support the judgment, since the trial court expressly found against this defense.

The assumption of appellants is unwarranted by the record. The first affirmative defense pleads as a source of title good against the plaintiffs, a decree of the superior court (affirmed by the supreme court) quieting defendant McGilliard's title to this same property, rendered in an action wherein the issues were the same as in this, against J. E. White, who is alleged to be the real plaintiff in this action. While perhaps not in the strict sense a source of title, these allegations constitute an estoppel which prevents J. E. White and his successors and agents from questioning the title of McGilliard and renders it unnecessary that he should as against their claims show his source of title. This defense appears to be the one upon which the judgment was rendered.

It is the rule that a cross-complaint is unnecessary in an action to quiet title, and where unnecessary it may be stricken out on motion, but the rule has its exceptions. (*Winter* v. *McMillan,* 87 Cal. 256, [22 Am. St. Rep. 243, 25 Pac. 407]; *Islais etc.* v. *Allen,* 132 Cal. 438, [64 Pac. 713].) There is no issue tendered by the cross-complaint here and none made by the answer to it which was not before the court on the complaint and answer. The judgment, however, was not rendered upon the cross-complaint. The findings of fact which support the judgment, and which are sufficient for that purpose, negative the allegations of the complaint and confirm the allegations of the first affirmative defense set forth in the answer. The references to the cross-complaint in the findings may be stricken out as surplusage and the findings still be sufficient to support the judgment. The so-called cross-complaint was not a separate pleading and its allegations were mere repetitions of some of the allegations of the answer. If the ruling on the motion were error, it was not prejudicial to plaintiffs' interests; but the practice here followed seems to be justified by the decision in *Islais* v. *Allen, supra,* in cases where affirmative relief is sought by the defendant to enable the latter to prevent a dismissal of the action by the plaintiff and thus compel a determination of the rights of the parties if the action be begun. In other words, the plaintiff in such an action, having laid claim to the defendants' property by suit, may be compelled, if the latter elects, to litigate in that suit the cloud thus raised upon defendant's title by the commencement of the action.

Appellants' third ground of reversal, like the first, proceeds upon the assumption that the treasurer's certificate of sale is the only source of title pleaded by the defendant. The trial court was of the opinion that there was not sufficient evidence to justify it in finding that this certificate and the deed made in pursuance thereof passed title to the defendant, even when aided by the evidence of adverse possession introduced, and there is nothing in the record to suggest that the judgment rests upon these instruments, or either of them, alone. If the introduction of the deed were erroneous it could not have been prejudicial.

The plaintiffs' confused and conflicting testimony on the witness-stand, taken with the record evidence in the case, was sufficient to justify the trial court in finding that she was the mere agent of J. E. White in this action. The matters to be considered in drawing this inference are peculiarly within the province and discretion of the trial court, who had the witness before it, and could best determine the true relations of the parties. For the purposes of this appeal, this finding of the trial court must be accepted and J. E. White regarded as the real plaintiff here.

The real plaintiff then stands in the position of attempting to relitigate or again litigate title to the same property and against the same parties who were before the court in *White* v. *McGilliard,* 140 Cal. 654, [74 Pac. 298]. From the opinion of the supreme court in that case it appears that plaintiff in that action (the real plaintiff here) to sustain his claim of ownership of the property relied upon the same title conveyed by deed of one A. K. Crawford to Alex. Scott and J. A. Frawley, which was introduced to support the title of Mrs. Keller, the record plaintiff here, and also upon the deed which White received from the sheriff in pursuance of the execution of the judgment foreclosing the street assessment lien in the action of *White* v. *Scott, Frawley et al.* In the absence of other evidence than these instruments and proceedings the court found that they were "not in themselves sufficient to connect appellant with any paramount title to the premises."

The court upon the trial of that case (140 Cal. 654, [74 Pac. 298]) considered these evidences of title and presumably found that all the title originally held by Crawford was vested in J. E. White, but since it did not appear that Crawford had any title at all, White's claim of ownership failed against

defendants' possession because the burden was upon him to establish a paramount title. Had he supplied in that action the chain of title with which he now supports the title in Mrs. Keller's name, his whole title would have been passed upon by the court. The purchase from Scott and Frawley in the name of Mrs. Keller does not bring to plaintiffs' support any other or different title than that presented on the trial of the other cause. All the title of Scott and Frawley and of A. K. Crawford was before the court, but plaintiff in that action failed to show of what this title consisted. Failing to do this, he cannot now maintain another action against the same parties for the purpose of introducing evidence to show what title Scott and Frawley had at the time of the former trial. It is a well-settled rule that if a party fails to assert his claims properly, or to present the proper evidence in the first suit, he will not be permitted to litigate it in a second suit. (*Bingham* v. *Kearney,* 136 Cal. 177, [68 Pac. 597].)

The errors of law complained of as arising during the course of the trial, in so far as they are not covered by the foregoing consideration of the case, are not specially urged. They do not appear to present any error prejudicial to appellant.

Judgment and order appealed from affirmed.

Allen, P. J., and Shaw, J., concurred.