WILLIAM J. CHALMERS, RESPONDENT, v. LAMAR-
TINE C. TRENT, APPELLANT.

1. SUIT FOR PARTITION.—TENANTS IN COMMON.—CROSS COMPLAINT.—
   BRINGING IN NEW PARTIES.—2 Comp. Laws 1888, §§ 3479-3480
   provide, that when a tenant in common sues for partition, the
   interests of all persons in the property must be stated in the
   complaint so far as known to the plaintiff, and if unknown,
   uncertain or contingent, that that fact must also be stated.
   Id. § 3231 provides, that when a defendant seeks affirmative
   relief with reference to the matter in suit, he may file a cross
   complaint in addition to his answer, and that such cross com-
   plaint "must be served on the parties affected thereby." Held,
   that in an action for partition where plaintiff failed to
   make all interested persons parties, or to state that there were
   any unknown parties, and defendant filed a cross complaint seek-
   ing affirmative relief and joined as defendants all parties in-
   terested including those omitted by plaintiff, it was error to
   strike the cross complaint from the files, though plaintiff by
   leave of court, amended his complaint by inserting the neces-
   sary parties; since the Code gives no preference to plaintiff
   over defendant, and the latter is as much entitled to affirma-
   tive relief as the former, and also for the further reason that
   plaintiff may work a hardship and positive wrong upon the

defendant by dismissing his complaint, which he would have a right to do, where no cross-bill is on file.

2. PRACTICE.— NEW PARTIES BROUGHT IN BY CROSS-COMPLAINT WHEN NECESSARY.—New parties may be brought in by defendant by a cross complaint where it is shown that they are necessary to the determination of the cause.

3. ID.—ID.—ORIGINAL AND CROSS COMPLAINT HEARD AS ONE CAUSE. —It is no objection to allowing a cross complaint adding new parties to stand after the complaint has been amended by adding the same parties, that it would tend to confuse and embarrass the court, since the original and cross complaint are generally considered as one cause, and a hearing on the cross complaint is in legal effect a hearing on the original cause.

(No. 548. Decided Feb. 23, 1895. 39 P. R. 488.)

APPEAL from the District Court of the Third Judicial District. Hon. Samuel A. Merritt, *Judge.*

Action by William J. Chalmers against Lamartine C. Trent and Delome Trent, his wife, for the partition of certain real estate. There was an order sustaining a demurrer to the cross complaint of Lamartine C. Trent, and from the final judgment dismissing and striking the same from the files, he appeals. *Reversed.*

*Messrs. Bennett, Marshall & Bradley* and *Mr. E. D. R. Thompson,* for respondent.

New parties can not be brought in by cross complaint. *Harrison* v. *McCornick,* 69 Cal. 613. The cross complaint here is unnecessary and should have been stricken out. *Wilson* v. *Madison,* 55 Cal. 5; *Germania B. L. Ass'n* v. *Wagner,* 61 Cal. 354; *Odell* v. *Wilson,* 63 Cal. 159; *Mining Co.* v. *Mining Co.,* 83 Cal. 599; *Banning* v. *Banning,* 80 Cal. 272.

*Messrs. Brown & Henderson,* for appellant.

KING, J.:

This is an appeal from an order entered in the Third Judicial District Court dismissing and striking from the files defendant's cross complaint. The facts, as disclosed by the pleadings, are substantially as follows: Plaintiff and defendant, Lamartine C. Trent, at and before the time of the filing of the original complaint, were joint owners of a part of lot 2, block 72, plat "A," Salt Lake City, and plaintiff was a married man, and resided with his wife in Chicago. Trent was also married, and, with his wife, Delome Trent, resided in Salt Lake City. At the time the original complaint was filed, Frazer & Chalmers, a corporation of the city of Chicago, had a lien upon Trent's undivided one-half interest in said premises, resulting from an attachment; and Trent had a lien upon Chalmer's one-half interest by way of an attachment issued in an action brought against Chalmers by the former. No other incumbrances were upon the property, and Trent and Chalmers were the owners of the land in equal proportions, subject to these claims. In July, 1894, plaintiff, William J. Chalmers, filed his complaint herein against Trent and his wife. Neither the corporation of Frazer & Chalmers nor the plaintiff's wife were made parties. The plaintiff avers that Trent and plaintiff are owners in fee simple, as tenants in common, of the property; that Delome Trent was the wife of defendant Lamartine C. Trent, and had an interest in said property by way of dower. He further alleged the interest that Trent claimed under his writ of attachment, and averred that the plaintiff had an interest in said land by virtue of the writ of attachment issued out of the Third District Court at the suit of the plaintiff against the defendant Lamartine C. Trent, upon the latter's interest. The complaint further stated that there were no other liens or incumbrances upon said prop-

erty appearing of record, and that no persons other than plaintiff and defendant Trent were interested in said premises, as owners or otherwise, and prayed for a partition, and, if a partition could not be had, that they be sold and the proceeds divided. The complaint was verified by William M. Bradley, one of the attorneys for the plaintiff.

To this the defendant Lamartine C. Trent made answer, and admitted that he and the plaintiff were owners in fee simple as tenants in common, and that Delome Trent was his wife, and had an interest in said premises by way of dower. Defendant further admitted that he claimed the right under his attachment upon the plaintiff's interest, but denied that plaintiff had any right, title, claim, or interest in his (Trent's) one-half interest by virtue of any writ of attachment. There was a further denial that any writ of attachment had ever issued out of the district court at the suit of plaintiff. It was further averred in the answer that the defendant Trent had an interest in the said land by way of a lien thereon for taxes paid by him; and alleged that the plaintiff was a married man, and that his wife resided in Chicago, and that she claimed an interest in said estate by way of dower; that Frazer & Chalmers, a corporation, were interested in said premises, and had a lien upon the defendant's interest therein by way of an attachment, and that the same was of record in the city where the property was situate; and denied positively that there were not other claims against the land than those mentioned in the complaint. A further averment was in the answer, that plaintiff, at the time of the filing of his complaint, knew of said interest and claim of his wife and of said corporation, and stated that the necessary parties to the termination of the case and for proper partition were not before the court; and stated that he, defendant, had never objected to a proper partition, and was perfectly willing that it should be made, and insisted that it might

have been done without the expense of an action at law;
and further, that the defendant, by reason of the necessary
parties not being before the court to a complete determi-
nation of the suit, objected, and took advantage of the mis-
joinder by way of answer, the same not appearing on the
face of the complaint.   At the same time defendant filed
a cross complaint, making William J. Chalmers, his wife,
Joan Pinkerton Chalmers, the said corporation of Frazer
& Chalmers, and Delome Trent, his wife, defendants, in
which it is alleged that plaintiff had a lawful wife living,
and that she had an interest in the premises; that Frazer
& Chalmers, a corporation, had an interest in the premises;
that all of these parties were necessary to the partition.
And the cross complaint set out, in addition, substantially
what was contained in the defendant's answer, and also the
interests of the respective parties in full, and prayed for a
partition.

At the same time Delome Trent answered plaintiff's
complaint, and admitted that she was defendant's wife,
and that she had an interest in the premises as his wife.
She denied that there were no other liens of record, other
than those set out in the complaint, and claimed that the
proper parties were not before the court, upon which a
decree of partition could be made.   She alleged that she
was ready to join in asking for partition if the proper
parties were before the court, so that the land, if a sale
were necessary, might be disposed of free from all incum-
brances and claims.   She affirmatively alleged that William
J. Chalmers, at the time of the filing of the complaint,
knew of the interest of his wife, and of Frazer & Chal-
mers, and that, as defendant believed, it was an attempt
on the part of the plaintiff to have said premises sold
freed   from   defendant's   interest   and from   defendant
Lamartine C. Trent's interest, and at the same time to
have the premises sold or partitioned, subject to the rights

of plaintiff's wife and of said corporation, and to make unnecessary costs and expenses. On the day these answers and cross complaints were filed an order was entered by the court that summons be issued on the cross complaint against the defendants therein named. Later, on plaintiff's motion, he was granted 20 days to answer the cross complaint. Before the expiration of this time, he filed and served a motion for an order of court granting leave to file an amended complaint, and in support thereof filed an affidavit by William M. Bradley, one of his attorneys, in which it was averred that through inadvertence there was a mistake in the allegations of the original complaint which resulted in the failure to set forth the interests of all parties interested in said premises, and the further statement that plaintiff's wife and Frazer & Chalmers were necessary parties to the determination of the matter. The affidavit further stated that these omissions in the original complaint and the misjoinder of parties were not intentional, and asked to be allowed to file an amended complaint herein, and that process issue thereon. A few days later the plaintiff filed and served notice that at the time stated he would move for an order dismissing and striking from the files the cross complaint of defendant Trent, and on the same day demurrer to the cross complaint was filed by plaintiff on the ground that it did not state facts sufficient to constitute a cause of action. Two days thereafter plaintiff filed his proposed amended complaint, bringing the same parties in as defendants who were made defendants in the cross complaint. On the 11th of October, 1894, these motions came on to be heard before the court, and the court made an order permitting plaintiff to amend his complaint, and granted the order dismissing the defendant Trent's cross complaint, and striking it from the files.

Nine assignments of error are set forth in the record,

upon which defendant relies for a reversal. It is unnecessary to set them out specifically, but, in substance, they declare that the court had no authority to make such an order, for the reason that it was illegal and without right, and assumed to deny defendant the right to file a cross complaint, which he had under the statute of the territory, and because at the time that the cross complaint was filed there was no complaint before the court upon which a proper decree of partition could be made; and further, that the court erred in dismissing the cross complaint, and that the judgment and order made therein were not supported by the evidence upon the hearing of the motion to dismiss the same.

From the foregoing it will be observed that the question presented for determination is, under the circumstances as shown by the proceedings in the lower court, was it error to dismiss and strike from the files defendant's cross complaint? It seems to be conceded by the plaintiff, from the efforts subsequently made to amend, that in his original complaint all of the parties necessary to the complete determination of the controversy and in order to make proper partition were not before the court. Sections 3479 and 3480 of the Compiled Laws of Utah (page 326) are as follows: "When several cotenants hold and are in possession of real property as parceners or joint tenants or as tenants in common, in which one or more of them have an estate of inheritance, or for life, or lives, or for years, an action may be brought by one or more of such persons for a partition thereof, according to the respective rights of the persons interested therein, and for a sale of such property, or a part thereof if it appear that a partition cannot be made without great prejudice to the owners." "The interests of all persons in the property, whether such a person be known or unknown, must be set forth in the complaint, specifically and particularly as far as

known to the plaintiff, and if one or more of the parties,
or the share or quantity of interest of any of the parties,
be unknown to the plaintiff or be uncertain, or contingent
or the ownership of the inheritance depend upon an execu-
tory devise, or the remainder or a contingent remainder,
so that such parties can not be named, that fact must be
set forth in the complaint." All of the necessary parties
not being before the court, the defendant, Trent, had the
right to file his cross complaint, and bring them in, in
order that a partition might be made.

Section 3231 of the Compiled Laws of Utah (volume 2)
provides that: " Whenever the defendant seeks affirmative
relief against any party relating to or depending upon the
contract or transaction upon which the action is brought,
or affecting the property to which the action relates, he
may, in addition to his answer, file at the same time, or
by permission of the court, subsequently, a cross-complaint.
The cross-complaint must be served upon the parties
affected thereby, and such parties may demur or answer
thereto as to an original complaint." The right, by the
Code, was unquestionably given to the defendant to file a
cross complaint, and he availed himself of that right. He
proceeded in conformity to law, and by summons brought
before the court all necessary parties in order that par-
tition might be made. He asked for affirmative relief, and
to that extent became an actor. But it is contended that
plaintiff's counsel inadvertently omitted from the original
complaint those parties essential to the complete determi-
nation of the matter, and that his amended complaint cor-
rected this omission, and therefore no necessity existed for
defendant's cross complaint. In answer to this it could be
properly said that defendant's cross complaint, having
brought the necessary parties into court, dispensed with
the necessity of an amended complaint. The Code gives
no preference to plaintiff over defendant. The latter may

become as much an actor, and receive the same affirmative relief, as the former. If any advantage inures to the moving party, the one seeking affirmative relief, why should the court discriminate and deprive the cross complainant of the advantage?

It appears from the record that the plaintiff, his wife, and the defendants Frazer & Chalmers were non-residents of the territory. By the original complaint, plaintiff had submitted himself to the jurisdiction of the court; but without a cross bill seeking relief he could have dismissed his complaint as a matter of course. Through the instrumentality of the cross complaint, such jurisdiction over his person was acquired as to enable the court to grant such relief to defendant as the proof warranted. After the cross complaint was dismissed, there was nothing to prevent the plaintiff, if he desired, from dismissing his action. Unquestionably, this would have resulted in a hardship, if not a positive wrong, to defendant, Trent. Under the former chancery practice the defendant's answer was in all cases defensive only. A cross bill is usually brought to obtain full relief for all the parties, and for some affirmative relief respecting the matters of the original bill. A cross bill will be dismissed where it seeks no discovery, and makes no defense which is not equally available by way of answer to the original bill, or by way of amendment to the answer. *Weed* v. *Smull*, 3 Sanf. Ch. 273; *Cook* v. *Richeson*, 115 Ill. 431, 5 N. E. 98. It is a cardinal rule in equity pleading that where the defendant seeks affirmative relief, and relies upon the equities of his case for anything beyond his defense, he must file a cross bill. 1 Beach, Mod. Eq. Prac. § 426, and cases cited. And a cross bill can be maintained where the equities are such as to have entitled the defendant to have brought an original suit. It is clear, defendant Trent, if he had brought suit, and set forth the same facts as are

contained in his cross complaint, would have stated such a cause of action as warranted, if the facts were proven, equitable interposition.    It is fundamental that when a case is brought into a court of equity full justice will be done to all parties, and the matter completely adjudicated, even though the court, by its own motion, is compelled to direct the necessary parties to be brought in.    Defendant's cross complaint grew out of matters alleged in the original bill, and was directly and closely connected with the cause of action set up in plaintiff's complaint.    "The cross complaint may, however, and usually does, raise new issues relating to the subject-matter.    It may present matters which arise between codefendants, but which are not shown by the original bill, and generally may be used to secure such molding and modification of the complainant's relief as to secure full relief to all parties."    *Davis* v. *Cook,* 65 Ala. 617;  1 Beach, Mod. Eq. Prac. § 433.

But it is argued by respondent that new parties cannot be brought in by a cross complaint.    This doctrine was held in Mississippi, but a contrary view has been declared in Illinois, Colorado, West Virginia, Tennessee, and other states.    *Allen* v. *Tritch,* 5 Colo. 222;  *Hurd* v. *Case,* 32 Ill. 45;  *Kanawha Lodge* v. *Swann* (W. Va.),  16 S. E. 462;  *Brandon Manuf'g Co.* v. *Prime,*14 Blatchf. 371, Fed. Cas. No. 1,810.    Judge Wheeler, in the last case cited, says " that the result of what is thought to be the soundest reason and best-considered authorities is that, where the cross bill shows that there is a party to the subject of litigation, as presented by it, who has not before been made a party, nor appeared to be a necessary one, and then does appear as such, that party should be brought in by the cross bill."    And it is held in Illinois that the filing of a cross complaint in a proper case is a matter that requires no permission.    *Beauchamp* v. *Putnam,* 34

7

Ill. 378. And the same ruling was made by Judge Deady of the United States circuit court. *Neal* v. *Foster*, 34 Fed. 496. It was argued earnestly that to permit a cross-complaint and an amended complaint to stand would cause great confusion, and embarrass the court in rendering a decree. We do not think this argument sound. For many purposes the original and cross complaint are considered as one cause. Ordinarily, they are heard together, and the rights of all parties in respect to the matters litigated are settled in one decree. If the cross complaint be set for hearing, the legal effect is to set the original cause for hearing also. *Cocke* v. *Trotter*, 10 Yerg. 213; *Hergel* v. *Laitenberger*, 2 Tenn. Ch. 251. Certainly, the court, with the power it possesses to completely determine the litigated question, will be enabled to so conduct the proceedings upon the trial, and to enter such decree as will protect the rights of all the parties before it. In a recent California case the defendant filed a cross complaint, averring that the necessary parties were not before the court in order to completely settle the controversy. Summons was issued, and they were brought into court. It was contended by the plaintiff that this was error. Discussing this question, the court said: "But it is claimed that if it be conceded that a cross complaint is a proper pleading in an action of this nature, new parties cannot be brought in by it. Whether this could be done under the old chancery practice is a question upon which authorities are not agreed, but our code system is much broader and more liberal in this regard. The defendant is not, under our practice, confined in his cross complaint to matters charged in the complaint. Besides this, our statute provides that when a complete determination of the controversy cannot be had without the presence of other parties, the court may order them brought in." *Winter* v. *McMillan*, 87 Cal. 256, 25 Pac. 407.

Respondent relies upon a number of California cases, particularly *Harrison* v. *McCormick,* 69 Cal. 621, 11 Pac. 456, and *Wilson* v. *Madison,* 55 Cal. 5, to support his contention that it was the duty of the court to permit plaintiff to amend, and to strike from the files the cross complaint. These same cases, as well as others cited in respondent's brief, were relied upon in the case just cited from California. Speaking of the case of *Wilson* v. *Madison,* the court says: "All that the case decides is that, where relief demanded by the defendant can be had upon the denials and averments of his answer, the cross complaint is unnecessary. But there may be cases in which the full relief cannot be given defendant on the answer; and as, in ejectment, the cross complaint in such cases is recognized as a proper pleading, so the whole controversy can be settled in one action." *Winter* v. *McMillan,* 87 Cal, 256, 25 Pac. 407. In referring to the case of *Harrison* v. *McCormick, supra,* they state "that in that case there was no necessity for a cross complaint. The claim was for damages,—purely a counterclaim,—in which case, of course, the demand must be one existing in favor of the defendant and against the plaintiff, between whom a several judgment might be had in the action." In the case of *Banning* v. *Banning,* 80 Cal. 272, 22 Pac. 210, relied on by respondent, the facts are entirely different from the case at bar. The complaint asked for partition in the most general form, alleging that the parties owned the lands as tenants in common, but the answer denied that either of the plaintiffs had any estate in the land, and alleged that the defendant was the exclusive owner. The cross complaint was filed with the answer, which was only a repetition of all the facts set up in the answer. We are of the opinion that the trial court erred in sustaining the demurrer to the cross complaint and striking it from the files. The judgment of the lower court is reversed,

and the case remanded, with directions to the court below
to reinstate defendant's cross complaint, and make such
further order conformable herewith as is necessary in the
premises.

BARTCH and SMITH, JJ., concur.