(18 Misc. Rep. 506.)

## COOK v. THURSTON.

(Supreme Court, Special Term, Onondaga County.   November, 1896.)

JUDGMENT—ACTION ON—LEAVE OF COURT.
    Leave of court to sue is jurisdictional to an action on a judgment between the original parties thereto, under Code Civ. Proc. § 1913, providing that such an action cannot be sustained unless the court has previously granted leave to bring it; and therefore a motion for leave nunc pro tunc, made after an action is brought, will be denied.

Action by Alfred G. Cook against Alonzo Thurston on a judgment recovered in an action between the same parties.   Plaintiff moves for an order nunc pro tunc as of a date before the commencement of the action, granting him leave to bring it.   Denied.

Joseph D. Senn, for the motion.
Joseph Beal, opposed.

WRIGHT, J.   This motion having been made prior to the date when the amendment of 1896 to section 1913 of the Code of Civil Procedure took effect, it must be decided under that section as it read prior to that amendment.   Under section 71 of the Code of Procedure as it stood in 1871, a conflict of authority existed on the question whether commencing the action without leave was merely an irregularity, curable by an order granted nunc pro tunc, as held in Church v. Van Buren, 55 How. Prac. 489; or whether granting leave was a jurisdictional prerequisite, as held subsequently to the above-cited case in Farish v. Austin, 25 Hun, 430, wherein the court says, on page 433: "The authority to sue was at the very basis of the right to sue."   Said section 71 provided: "No action shall be brought * * * without leave of the court for good cause shown, on notice to the adverse party."   Since those decisions were made said section 71 has been superseded by section 1913 of the Code of Civil Procedure, which provides that such action cannot be brought unless "the court * * * has previously made an order granting leave to bring it."   The requirement here made that the order shall be previously granted approves the doctrine laid down in Farish v. Austin, supra, and settles the question.

Motion denied, with $10 costs.