## BANK OF IOWA & DAKOTA V. PRICE *et al.*

A pleading filed by defendant O. in an action to foreclose a chattel mortgage executed by defendant P. to secure plaintiff's notes, and certain others, owned, as alleged in the complaint, by defendant O., is an answer in the nature of a cross bill, entitling O. to affirmative relief in equity against P., it being therein admitted that he is the owner of the notes, as alleged in the complaint, and alleged that by agreement of the parties the mortgage was security, first for his notes, and then for plaintiff's; that the mortgage provided for foreclosure on default of any payment, and that by the terms thereof the entire amount is due and payable; and the pleading concluding with a prayer for a decree foreclosing the mortgage.

(Opinion filed April 6, 1897.)

Appeal from circuit court, Sanborn county. Hon. F. B. SMITH, Judge.

Action by the Bank of Iowa & Dakota against M. M. Price and John Oliver to foreclose a chattel mortgage. From an order overruling a demurrer of defendant Price to a pleading of defendant Oliver, Price appeals. Affirmed.

The facts are stated in the opinion.

*Aikens, Bailey & Voorhees,* for appellant.

The so-called cross bill is insufficient. Glenn v. Clark, 53 Md. 580; Newberry v. Blatchford, 106 Ill. 586; 5 Encyc. of Pl. & Pr. 640 *et seq*; Sebring v. Conkling, 32 N. J. Eq. 24.

*John D. Rivers,* for respondent.

FULLER, J. Plaintiffs, as the assignees of three promissory notes of even date, aggregating, exclusive of interest, $725, brought this action to foreclose a chattel mortgage executed by the defendant Price on a band of sheep to secure said notes and three others of the same series and date, owned, as alleged in the complaint, by the defendant Oliver, and amounting to $2,325, exclusive of accrued interest. To what is denominated the "amended and substituted answer, counterclaim, and cross bill" of the defendant Oliver, his codefendant, Price, in-

terposed a demurrer as follows: "That the court has no juris-diction of the subject-matter attempted to be alleged therein in favor of the defendant John Oliver and against the defendant M. M. Price, nor of the person of said defendant Price. * * * That the so-called 'amended and substituted answer, counter-claim and cross bill' does not state facts sufficient to constitute a cause of action in favor of said defendant and against defend-ant Price in this action." From an order overruling this de-murrer, defendant Price appeals to this court.

While, technically speaking, the production complained of is in name and nature *sui generis,* we shall, for the purpose of future reference, at least, regard it as something in the nature of a cross bill in equity, and proceed to determine from the re-citals thereof its sufficiency as a pleading of that character. An answer in the nature of a cross bill may be defined, within the spirit of our practice, as a pleading filed by a defendant in an equitable against the complainant or co-defendant therein, or both, touching some material matter alleged in the original complaint, and at issue, and relating in some way to the sub-ject-matter of the action; and as such is allowable, in a proper case, independently of express statutory authorization. Fletcher v. Holmes, 25 Ind. 458; 5 Enc. Pl. & Prac. 626; Bliss Code Pl. 390; Cox v. Leviston, 63 N. H. 283; Maxw. Code, Pl. 550; Tucker v. Insurance Co., 63 Mo. 568. Without attempting to analyze this anomalous pleading with a view of characteriz-ing its recitals or eliminating surplusage, we will prosecute, of necessity, an arduous inquiry, for the purpose of determining whether the general demurrer was properly overruled. Re-spondent, in answer to the original complaint, after denying on information and belief plaintiffs' co-partnership existence, ad-mits, as averred therein, that he is the owner of the notes, ag-gregating $2,325, secured by the chattel mortgage to foreclose which this action was instituted, and, in effect, alleges that said notes, together with those owned by plaintiffs, were executed by the defendant Price to and in the name of plaintiffs'

assignor, C. D. Tidrick, for the purchase price of 840 sheep described in said mortgage, 670 of which were at the time of sale the separate property of the respondent, Oliver; that prior to the assignment of the companion notes by said Tidrick to these plaintiffs, and with full knowledge of all the facts upon their part, and in consideration of the acceptance of the notes aggregating $2,325 by respondent in settlement for his sheep, which were sold without authority by said Tidrick to the defendant Price, it was expressly agreed by and between said parties—Tidrick and the respondent, Oliver—that the mortgage lien of the latter should be paramount and prior to the $725 secured thereby, and now sought to be enforced by foreclosure, and that the mortgaged property might first be sold in satisfaction thereof; "that by the express terms of said mortgage it was provided that, in case of default being made in payment of any of the sums of money provided for in said mortgage, either of principal or interest, when the same became due, that said mortgage might be foreclosed, and the said mortgaged property sold to satisfy the amounts secured thereby, and defendant states that by the terms of said mortgage the entire amount is now due and payable; * * * that at the request of said defendant M. M. Price, this defendant kept and permitted said sheep to remain upon his said premises in said Brule county, and during said time, at the request of M. M. Price, this defendant furnished hay for the said sheep, and which was fed to said sheep on defendant's premises between said 14th day of March, 1895, and April 2, 1895, of the value of the sum of $140, which amount of $140 the said defendant, M. M. Price, at the time, and at various times since, admitted to be just and correct for the said hay so fed to said sheep at his request; and defendant states that no part of said amount has been paid, but that the whole thereof, to-wit, $140, with seven per cent interest from April 2, 1895, is still his property, wholly due from said M. M. Price, and unpaid." For the above-mentioned sum, and for other similar items, amounting in all to $2,024.70, for keeping, feed·

ing, and caring for the mortgaged property, respondent demands judgment against his co-defendant, Price, together with an order of court directing that $289 realized from a sale of wool, while said sheep were in his possession, be applied in partial satisfaction thereof. As this pleading concludes with a prayer for a decree foreclosing the mortgage described therein, and confessedly subsisting in favor of respondent and the plaintiffs against the defendant Price, we are inclined to regard it as an answer in the nature of a cross bill in equity.

Without expressing an opinion as to respondent's right, in any event, to recover in this action, in whole or in part, for the items above mentioned, or for many others of which we have omitted to speak, we conclude that he is entitled, under his pleading, to some affirmative relief in equity against the defendant Price, and that the court has jurisdiction of all the parties and the subject-matter of the action. Our conclusion, reached from an examination of the entire record, is that the demurrer was properly overruled, and the order appealed from is therefore affirmed.

HANEY, J., took no part in this decision.