WESTERN DAKOTA LAND & HORSE CO. v. WOODS et al.

Where plaintiff, naming in his summons and complaint two persons as defendants, caused the summons and complaint to be served on one defendant alone, the court, on the motion of such defendant, made before answer, could not compel the plaintiff to make the codefendant a party, since defendant served could by answer set up facts which might show that codefendant was not a necessary party, or, where the facts showed that codefendant was a necessary party, the court could not grant relief to the plaintiff without bringing in codefendant, and since defendant served, if desiring affirmative relief against plaintiff or codefendant, could seek it through a cross-complaint.

(Opinion filed, February 29, 1912.)

Appeal from Circuit Court, Pennington County. Hon. LEVI McGEE, Judge.

Action by the Western Dakota Land & Horse Company against William S. Woods and another. From an order denying a motion of defendant named to compel plaintiff to summons on the codefendant, he appeals. Affirmed.

*Schrader & Lewis,* for appellant. *Buell & Gardner,* for respondent.

WHITING, J. Plaintiff brought this action, naming as defendants (as appears from the title to the summons and complaint herein) William S. Woods and Matilda C. Woods. The summons was served upon the defendant, William S. Woods, and, plaintiff not having caused said summons or complaint to be served upon Matilda C. Woods, William S. Woods, upon the affidavit of his counsel, moved the trial court for an order requiring plaintiff to cause the summons to be served on defendant, Matilda C. Woods, and extending the time in which he could serve and file his answer until after the time of the service of such summons upon said Matilda C. Woods. The motion was denied, and it is from the order denying same that this appeal has been taken.

From the affidavit in support of such motion it appears that some 60 days had expired since the service of summons upon moving party; that Matilda C. Woods was a resident of and at that time within the county wherein this action was brought; that the affiant believed his client had a meritorious defense to the action; and that, in the opinion of affiant, it was necessary for said Matilda C. Woods to be brought in, either as a party plaintiff or defendant, before the action could proceed to its final termination. In the order denying the motion, the court set forth as a ground for such denial: "The court being of the opinion that it does not as yet appear that the defendant Matilda C. Woods is a necessary party, and further being of the opinion that it cannot properly determine, until answer by the defendant William S. Woods herein, as to whether or not the defendant Matilda C. Woods is a necessary party herein, or whether it be necessary to bring her in by service of the summons herein." Under the view

which we take, it becomes unnecessary to determine whether Matilda C. Woods is or is not, under the allegations of the complaint, a necessary party.

It is conceded that a failure to raise a question of defect in parties, either by demurrer or answer, is, under the statute of this state, a waiver of such defect. Appellant contends that, inasmuch as Matilda C. Woods is named as a defendant in the complaint, and therefore a demurrer will not lie, and inasmuch as the fact that she is a necessary party appearing upon the face of the complaint renders an answer raising the question of defect in parties not necessary, "an objection may be taken at any time, or the court may of its own motion require her to be brought in or dismiss the complaint." He cites, as supporting such proposition, numerous authorities holding that, whenever it appears that some person not named as a party to an action is a necessary party thereto, the court, that it may do full justice in the action, will require such person to be brought in as a party before the final disposition of the case. There can be no question as to the justness of such rule, but no decisions have been cited, and we do not believe any can be found, wherein it has been held that a court will bring in a person as a party at the behest of one who has not as yet pleaded in the action.

There occur to us several reasons why this should not be done. Nothing prevents the appellant from answering and setting forth the true facts pertaining to the cause of action pleaded by plaintiff. It may be that such an answer may reveal facts showing Matilda C. Woods not to be a necessary party to a full adjustment of all rights as between plaintiff and appellant; but if, perchance, it then appears that she is a necessary party, it will, under the very authorities cited by appellant herein, be impossible for plaintiff to obtain the relief asked for without bringing in Matilda C. Woods as a party to this action. Riggs Land Co. v. Motley, 24 S. D. 499, 124 N. W. 438; Osterhoudt et al. v. Bd. of Sup'rs et al., 98 N. Y. 239. Moreover, if appellant desires to seek affirmative relief, either as against plaintiff or Matilda C. Woods, he has a right to do so through a cross-complaint (Bank,

etc., v. Price, 9 S. D. 582, 70 N. W. 836), and through such bring in Matilda C. Woods (Stockton, etc., v. Harrold, 127 Cal. 612, 60 Pac. 165; Mackensie v. Hodgkin, 126 Cal. 591, 59 Pac. 36, 77 Am. St. Rep. 209; Chalmers v. Trent, 11 Utah, 88, 39 Pac. 488). It is clear that the trial court did not err in denying the motion.

In passing upon the merits of the motion presented to the trial court, we have in no manner considered the question of whether the order overruling same was properly appealable.

The order of the trial court is affirmed.