WRIGHT, Plaintiff, v. McKENZIE, et al, Defendants, SLET-
TEBAK, Defendant and Appellant, ALEXANDER R.
McKENZIE, Defendant and Respondent.

(226 N. W. 270.)

(File No. 6380. Opinion filed June 27, 1929.)

*Walker & Gurley*, of Armour, for Appellant.

*G. M. Caster* and *R. C. Baker,* both of Lake Andes, for
Respondent.

FULLER, C. From the record it appears that one Wright,
as receiver of the American National Bank of Three Forks, Mont.,
commenced an action against several persons in the circuit court

of Douglas county, for the purpose of determining the liens upon, or interests of the several parties in, a tract of land situated in said county. In that action the appellant, Slettebak, and the respondent Alex McKenzie, were both joined as defendants. Slettebak filed an answer to the complaint of plaintiff, Wright, receiver aforesaid, and therewith demanded affirmative relief, by way of cross-bill, against his codefendant Alex McKenzie. While the plaintiff pleaded a lien upon an undivided one-sixth interest in the land, acquired by one William R. McKenzie as an heir of Donald McKenzie, deceased, Slettebak's cross-bill against his codefendant Alex McKenzie was for the adjudication in his favor of an alleged lien upon the interest of respondent, Alex McKenzie, so acquired by him, in the same tract. The interest covered by the cross-bill was embraced in the allegations of plaintiff's complaint. The cross-bill having been duly served, by Slettebak upon McKenzie, the latter failed to make answer, and it is from that order of the circuit court, setting aside the default judgment entered on the cross-bill against McKenzie, and allowing him to make answer, that this appeal is taken. The appeal from this order presents the question whether the answer of McKenzie, upon which he proposed to resist the alleged lien of Slettebak in the land, is sufficient to constitute a defense.

A recital of facts, admitted for the purposes of the proceedings under review, may be taken from the cross-bill and the proposed answer thereto of respondent, McKenzie, as follows: Slettebak's alleged interest in the particular undivided one-sixth interest in the land here involved is based upon a certificate of sheriff's sale on execution issued April 14, 1925. The execution sale was had on a judgment for money by Slettebak, obtained and entered by default on July 18, 1922, against McKenzie. The judgment was entered in a suit by Slettebak against McKenzie upon a judgment previously obtained by Slettebak against McKenzie in the circuit court on October 16, 1911. The suit upon this previously entered judgment was had without application for, or the entry of, any order, before or after the commencement of the action on the judgment, as required by Rev. Code 1919, § 2261, reading, so far as here material, as follows: "No action shall be brought upon a judgment rendered in any court of this state, except a court of a Justice of the Peace, between the same parties,

without leave of the Court for good cause shown, on notice to the adverse party."

Retrospection of the proceedings on which appellant Slette-bak's lien is based, asserted in the cross-bill and adjudged for him against McKenzie by default, leads, as above indicated, to a point where he is shown to have prosecuted to default judgment a suit on a domestic judgment of the circuit court between the same parties without leave of court first granted or thereafter obtained nunc pro tunc.

The exact question arising at this point is whether the statutory requirements for leave to bring the action is prerequisite to the entry of a valid judgment by default, for, if the judgment is void, it is foundationally inadequate to support appellant's title, acquired on execution sale.

In contending that absence of the order mentioned is not a fatal defect, appellant calls attention to the case of Stoddard Mfg. Co. v. Mattice, 10 S. D. 253, 72 N. W. 891, wherein this court, after noting that the order for leave to bring suit had been entered in the circuit court nunc pro tunc, after issue joined, declared that: "As the manifest object of the legislature was to prohibit the suing upon judgments for the purpose of oppressing debtors by multifarious litigation and the needless accumulation of costs, the failure to obtain leave to sue is not made jurisdictional, but a mere irregularity, which in the absence of harassing circumstances was very properly cured by the order under consideration, granted upon notice to counsel for appellant, and by a court having jurisdiction of the persons and subject-matter of the action. Appellant lost no substantial right by the order, and there is no valid reason why a court may not, in furtherance of justice and in the exercise of a sound discretion, manifest its consent to the prosecution of a cause which shall operate retroactively, and thereby obviate the necessity of dismissing the action for the sole purpose of applying to the court for leave to again institute his suit just as before."

Respondent argues that leave to bring suit on a domestic judgment of the circuit court is jurisdictional, but so long a time has passed since the decision of Stoddard Mfg. Co. v. Mattice, without any modification of its language by subsequent decisions or legislative enactment, the court is now reluctant to reconsider the holding that leave to bring such an action is not jurisdictional

and that failure to comply with the statute is a mere irregularity. In this conclusion the court is influenced by the possibility that, in a period of 32 years, titles may have changed hands, and defects therein may have been ignored in reliance upon the decision that lack of leave to sue on a domestic judgment is not jurisdictional.

What then is the effect of the rule, thus declared, on the case at bar, where no order allowing the bringing of action was obtained either before or after commencement of action on the judgment? To this proposition there can be but one answer. The complaint on the judgment stated a cause of action. Service of process conferred jurisdiction over the person and subject-matter. Neither by pleading, objection, nor motion was any protest of defendant McKenzie brought to the attention of the court. Within its jurisdiction of the person and subject-matter, the court entered judgment. No appeal was taken. No motion was made for relief from the default or other proceeding timely had to question the propriety of the jdgment. Within the scope of principles declared in Stoddard Mfg. Co. v. Mattice, therefore, we conclude that, in the absence of objection for lack of leave to sue on the judgment of October 16, 1911, or motion timely made to vacate the same, the judgment of appellant, Slettebak, against respondent, McKenzie, of July 18, 1922, became conclusive after time for appeal expired, and that respondent cannot now question the validity of the certificate of the execution sale, of his interest in real estate based thereon. It follows that the proposed answer of respondent, McKenzie, in so far as it alleges defects in the entry of appellant's judgment, in the suit on judgment, does not state a defense.

The answer also sets forth as a first and separate defense the plea, in substance, that no leave of court was had by appellant, as defendant in the instant case, to serve and file the cross-bill, that no summons or notice was served by appellant on respondent, his codefendant, in connection with the cross-bill, and that lack of court order and process served is jurisdictional. From the trial court's memorandum, it is apparent that this portion of the proposed answer was considered sufficient to state a defense—a proposition disputed by appellant. If service of summons, notice, or other process with a cross-bill in equity or leave of court given is necessary, it would follow that the requirement might be said to affect the jurisdiction

of the court to enter judgment by default upon the cross-bill; and, as some authorities (34 C. J. 443) consider an objection going to the validity of a default judgment as sufficient to justify relief from the default on which it was entered, the point should be here considered.

Our statute is entirely silent on the occasions for use of or procedure upon a cross-bill by one defendant against another. But under Const. art. 5, § 14, providing that circuit courts shall have original jurisdiction of all actions and causes both at law and in equity, it has been held that this jurisdiction includes all equity powers that came within the scope of equity as the term was understood at the time of the adoption of the Constitution. Welsh v. Krause, 38 S. D. 264, 270, 161 N. W. 189. In Phillips v. Branch Mint, etc., Co., 27 S. D. 350, 363, 131 N. W. 308, 312, it was stated by this court that: "While our code has not provided for cross-complaints, the same are presumably proper under the old equity system of practice, which prevails in this state; no other system having been provided by the code."

The use of the cross-pleading between defendants, to set forth justiciable matters germane to the plaintiff's cause of action, has been, in other cases, approved. Bank of Iowa & Dakota v. Price, 9 S. D. 582, 583, 70 N. W. 836; Western Dakota, etc., Co. v. Woods, 28 S. D. 637, 639, 134 N. W. 813. But it has never been held by this court that leave of court should be had to allow service and filing of a cross-bill in equity, nor that any summons or notice need accompany the service of the pleading—no reference here being intended to the need of such order or process as against persons who are not parties and who must be brought into the action for the purpose of jurisdiction. Although, in the case of Phillips v. Branch Mint, etc., Co., supra, Judge Corson quoted from decisions to the effect that service of process on the cross-bill is necessary to enforce the appearance of the defendants to the bill, it is most significant that the court, in that case, held narrowly and carefully to the point, only, that the pleading itself, the cross-bill, need be served. Having in mind the practice and usage in the trial courts of this state which recognized the use of cross-bills in equity cases without leave of court, and without service of process, this court feels restrained from now introducing any new or technical innovation in the practice.

By Rev. Code 1919, § 2343, it is provided that: "From the time of service of the summons in a civil action, or the allowance of a provisional remedy, the court 'is deemed 'to have acquired jurisdiction, and to have control of all the 'subsequent proceedings."

A proceeding subsequent to the original summons, which is proper here, as we have shown, is the cross-pleading, between defendants, of matters germane to the subject of the action. On the service of a cross-bill by one defendant upon his codefendant, the latter has the same length of time to plead to the same as to the original complaint of plaintiff after service thereof, and no process or leave of court is necessary to enforce the appearance of the codefendant to the bill, and, on default, the court may properly proceed to judgment.

For the reasons stated, the proposed answer of respondent, McKenzie, to the cross-bill of appellant, Slettebak, presents no meritorious defense, and it is unnecessary to otherwise consider the sufficiency of respondent's showing for relief from the default judgment.

The order appealed from is reversed, and the case remanded for proceedings consistent with this decision.

SHERWOOD, P. J., and POLLEY, CAMPBELL, BURCH, and BROWN, JJ., concur.