15739

AMERICAN AGRICULTURAL CHEMICAL CO. v. THOMAS

(34 S. E. (2d), 592)

356

*Mr. John G. Dinkins,* of Manning, S. C., Counsel for Appellant,

*Messrs. Samuel Want* and *James S. Verner,* both of Darlington, S. C., Counsel for Respondent,

June 1, 1945.

MR. ASSOCIATE JUSTICE FISHBURNE delivered the majority Opinion of the Court.

This action was brought on July 14, 1944, upon a default judgment of $727.24, obtained by the plaintiff on July 22, 1924, against the defendant, F. L. Thomas.

The judgment was based upon certain notes, and remained inactive for a period of nineteen years, eleven months, and twenty-two days, when the present action was commenced. So far as the record discloses, no execution had ever been levied upon the judgment; and within the ten-year period provided by Section 743(2) of the Code, no attempt had been made to preserve and extend its lien by the statutory revival proceeding.

At the time of the rendition of the judgment upon which the action is based, the period of limitation of actions was twenty years. This is still the law. Code, Section 387.

The summons and complaint, together with an annexed order *nisi* of the Circuit Court, were served on July 14, 1944. This rule required the defendant to show cause upon the twenty-first day after service, or as soon thereafter as the matter could be heard, why an order should not be made in the cause renewing the judgment described in the annexed complaint, or entering judgment anew in favor of the plaintiff.

The defendant filed an answer, also denominated a return, pleading several defenses. To this pleading a general demurrer was interposed, which was sustained, and final judgment was rendered against the defendant, from which he appealed.

The first question is whether the respondent complied with Section 354 of the Code.

The Code provides (Section 354) that no action shall be brought upon a judgment rendered in any Court of this State, except a Court of magistrate, between the same parties without leave of the Court, or Judge thereof at cham-

bers, "for good cause shown, *or* notice to the adverse party
* * *." (Emphasis added.)

A preliminary question should be disposed of relating to the word "or", appearing in the foregoing section of the Code, which we have italicised.

Appellant contends that a typographical error was made in this section, and that the word "on" should be substituted for the word "or". By reference to Act No. 301, Vol. 27 of the Statutes at Large, page 536 (1912), which was later incorporated in Volume 2 of the Code of 1912 as Section 116, we find the word "on", making this sentence read "on notice to the adverse party." In the subsequent Codes—1922, 1932, and 1942—the word "or" instead of "on" appears.

We are satisfied that in the Codes subsequent to 1912 a misprint has been made. The history of the statute clearly shows that it was the legislative intent that the word "on" should be used, and that the correct wording of the statute should be "on notice to the adverse party." This is conceded by respondent.

The right to institute an action on a judgment is conditioned upon compliance with Section 354; that is, as we construe it, application should first be made to the Court on notice to the defendant, and good cause therefor be shown. Appellant contends that this statutory requirement was not complied with.

When the summons, complaint and order were served upon the defendant, on July 14, 1944, the twenty-year statute of limitations lacked only eight days of expiring. It may be inferred from the record that the matter did not come up for a hearing before the Circuit Court for several months thereafter.

During the hearing, the statement was made by plaintiff's counsel that the action was maintainable under Section 387 of the Code (the twenty-year statute), whereupon counsel for the defendant raised the issue that the plaintiff had not

complied with the provisions of Section 354. The point was made that no leave of the Court had been obtained, permitting the commencement of the action for good cause shown, on previous notice to the defendant. The defendant then moved the Court for an order allowing him to demur or amend the answer and return previously filed so as to set up noncompliance with the statute. Thereafter, by an order dated December 1, 1944, the Court refused defendant's motion, and gave judgment against the defendant for the sum prayed for in the complaint.

The real and major issue presented by the appeal is whether the Circuit Court has jurisdiction of the subject-matter. It is argued by the respondent that the procedure followed complied substantially with the requirements of Section 354, in that by the order *nisi* attached to the summons and complaint, the Court assumed jurisdiction, and that the notice required by the statute was completely met by that provision of the order which required the defendant to show cause why the judgment should not be renewed or entered anew in favor of the plaintiff. This contention, it seems to us, completely overlooks the specific statutory requirement which provides that "no action shall be brought upon a judgment * * * between the same parties, without leave of the Court, or a Judge thereof, at chambers for good cause shown on notice to the adverse party."

The statute clearly contemplates by these words of negation and prohibition, that a hearing would first have to be held upon notice to the adverse party, and that good cause would have to be shown, before an order could issue granting leave to commence the action. The manifest object of the Legislature was to prohibit an action upon a judgment until these steps had been taken. In the absence of the statutory prerequisites, the Court lacked jurisdiction to pass upon the merits of the case and to award judgment.

The order *nisi* did not purport or profess to authorize the bringing of the action under Section 354. It appeared to

proceed upon the theory that plaintiff sought the revival of its judgment under Section 743(2), where the procedure is not in the form of an action, but involves merely the service of a summons upon the judgment debtor to show cause why the judgment should not be revived. In the case of an action, however, where a defendant·has twenty days after service of summons within which to answer the complaint, the issuance of such an order would have been entirely irregular and unauthorized. In this connection it is significant that it was not until the hearing before the Court upon the return to the rule that this question became clarified when counsel for the plaintiff stated that the action was maintainable under the twenty-year statute, Section 387.

Generally, an action cannot properly be commenced until all of the essential elements of the cause of action are in existence—that is, until the cause of action is complete, the subsequent occurrence of a material fact will not avail in maintaining it. The rights and liabilities of the parties, that is, their rights to an action for judgment or relief, depend upon the facts as they existed at the time of the commencement of the action, and not at the time of trial. 1 Am. Jur. § 59, p. 451.

The conditions precedent to maintaining an action on a judgment detailed in Section 354 operate on the right itself. Compliance with these conditions, specifically attached to the right, constitutes an essential element of the cause of action, and partakes of the subject-matter. It therefore follows that plaintiff's cause of action was not complete, and its right to sue did not accrue until the statutory requirements had been fully performed.

An examination of the reported cases indicates that this question has not arisen in many of the state Courts. Early cases in New York, later overruled, hold that failure to obtain leave of the Court to bring an action upon a judgment was a mere irregularity which might be waived, and that

leave might be granted *nunc pro tunc. Lane v. Salter,* 27 N. Y. Super. Ct., 239; *Finch v. Carpenter,* 5 Abb. Prac., 225; *Church v. Van Buren,* 55 How. Prac., 489.

Later cases 'from New York hold that the granting of leave to commence an action upon a judgment is a jurisdictional prerequisite. *Farish v. Austin,* 25 Hun., 430; *Cook v. Thurston,* 18 Misc., 506, 42 N. Y. S., 1084.

In *Cook v. Thurston,* 18 Misc., 506, 42 N. Y. S., 1084, the Court said: "Under Section 71 of the Code of Procedure as it stood in 1871, a conflict of authority existed on the question whether commencing the action without leave was merely an irregularity, curable by an order granted *nunc pro tunc,* as held in *Church v. Van Buren,* 55 How. Prac., 489; or whether granting leave was a jurisdictional prerequisite, as held subsequently to the above-cited case in *Farish v. Austin,* 25 Hun., 430, wherein the court says on page 433: 'The authority to sue was at the very basis of the right to sue.' Said section 71 provided: 'No action shall be brought * * * without leave of the court for good cause shown, on notice to the adverse party.' Since those decisions were made said section 71 has been superseded by section 1913 of the Code of Civil Procedure, which provides that such action cannot be brought unless 'the court * * * has previously made an order granting leave to bring it.' The requirement here made that the order shall be previously granted approves the doctrine laid down in *Farish v. Austin, supra,* and settles the question."

Upon the identical question, the South Dakota Court (*Stoddard Mfg. Co. v. Mattice,* 10 S. D., 253, 72 N. W., 891), held that failure to obtain leave to sue constituted a mere irregularity, and was not jurisdictional. The Court cited in support of the above holding the New York case of *Church v. Van Buren, supra,* which, as hereinbefore pointed out, was subsequently overruled by the New York Court.

In the later South Dakota case of *Wright v. McKenzie,* 55 S. D., 300, 226 N. W., 270, 271, the Court was asked to

review its previous decision in *Stoddard Manufacturing Company v. Mattice, supra,* and to hold that leave to bring suit on a domestic judgment of the Circuit Court is jurisdictional. A reconsideration was refused upon the following grounds: "Respondent argues that leave to bring suit on a domestic judgment of the circuit court is jurisdictional, but so long a time has passed since the decision of *Stoddard Mfg. Co. v. Mattice,* without any modification of its language by subsequent decisions or legislative enactment, the court is now reluctant to reconsider the holding that leave to bring such an action is not jurisdictional and that failure to comply with the statute is a mere irregularity. In this conclusion the court is influenced by the possibility that, in a period of 32 years, titles may have changed hands, and defects therein may have been ignored in reliance upon the decision that lack of leave to sue on a domestic judgment is not jurisdictional." From which it would seem that if the matter had been one of first impression, the Court would have reached a different conclusion.

The jurisdiction of a Court over the subject-matter of an action depends upon the authority granted to it by the Constitution and laws of the State, and is fundamental. Objection to such jurisdiction may be made at any time during the progress of the action, and cannot be waived or conferred by consent. *Senn v. Spartanburg County,* 192 S. C., 489, 7 S. E. (2d), 454; *Ladshaw v. Hoskins,* 204 S. C., 346, 29 S. E. (2d), 480; *Rosamond v. Lucas-Kidd Motor Co.,* 182 S. C., 331, 189 S. E., 641.

It was held in *Hunter v. Boyd,* 203 S. C., 518, 28 S. E. (2d), 412, that since lack of jurisdiction of the subject-matter of an action cannot be waived even by consent, lack of jurisdiction can be and should be taken notice of by the Supreme Court *ex mero motu.*

It is suggested in the decree of the Circuit Court that when this matter was heard before it in response to the rule to show cause, of July 22, 1944, the twen-

ty-year period within which the action could be brought had expired, and that it would have been unjust to the plaintiff to have permitted the defendant to raise the issue that the plaintiff had failed to comply with the statutory requirements detailed in Section 354. But it should be borne in mind that the defendant had nothing to do with the creation of this situaion, nor did he contribute thereto in any way.

In our opinion, the action should have been dismissed for lack of jurisdiction of the subject-matter. In view of this disposition of the case, the other questions raised by the appeal need not be considered.

Judgment reversed.

MESSRS. ASSOCIATE JUSTICES STUKES, TAYLOR and OXNER concur.

MR. CHIEF JUSTICE BAKER (dissenting) :

I regret that I find myself in disagreement with the opinion of MR. JUSTICE FISHBURNE. The facts being fully stated in the majority opinion, I will not repeat them. It appears to me that the conclusions reached therein disregard fundamental legal principles.

Two questions are answered in the prevailing opinion. These questions are: (1) Did the respondent (plaintiff below) obtain the consent of the Circuit Court to the institution of this action, as required by Section 354 of the Code; (2) if the consent of the Circuit Court was not so obtained, is the defect one which can be waived?

The majority opinion does not deal with a third question presented by the record, to wit, whether, if the two questions previously stated are answered in the affirmative, the facts of this case constitute a waiver of the alleged infirmity in the procedure of respondent. However, this question would have to be answered in the affirmative.

The statutory direction (as applied to the first question) is that "No action shall be brought upon a judgment * * * without leave of the Court * * * for good cause shown on notice to the adverse party." There can be no doubt about

the fact that this language creates a condition of the right to maintain an action on a judgment.

The reliance of the respondent in this connection is upon the order *nisi* granted by the Circuit Judge. Let us then inquire if this order was granted prior to the institution of the action.

Under Section 357 of the Code, an action is not to be deemed commenced unless the summons is served on the defendant, or delivered to the Sheriff for service.

The record in this case discloses that the summons, complaint and *nisi* order were served upon the appellant on the same day. Obviously, therefore, the making of the order preceded the service of the summons. In the steps taken by the respondent here, the first step was the application for the order. And this application, as a matter of statutory definition, constituted a motion. Code, Section 817. Hence, the first proposition with which we are dealing is that the respondent moved before the Circuit Judge, *before the commencement of the suit,* for an order requiring the appellant to show cause why the action should not be maintained.

It is true that the language of the order does not include the words "leave of the court." This is an immaterial consideration. The question is whether the language of the order put the appellant on notice that an application had been made to the Court, in accordance with the requirement of the statute, for leave to institute the action. The language of the order is that the appellant show cause "why an order should not be made in the cause above entitled renewing the judgment described in the annexed complaint or entering judgment anew in favor of the plaintiff and against the defendant * * *."

This language can have no other meaning that than the Circuit Court, upon motion of the plaintiff, was taking jurisdiction of the cause for the purpose of enabling the defendant to show cause, if any he had, why the action was

not maintainable, and why the Court should not proceed to hear the case.

And the appellant's pleading (denominated "answer and return") would have been the same even if the order had stated in so many words that the defendant shall show cause, if any he has, why "leave of the court" should not be granted for the prosecution of the action.

Thus it will be seen that up to this point we have the following elements: (1) An application (or motion) for an order directing the defendant to show cause why the relief prayed in the complaint should not be granted; (2) the taking of jurisdiction by the Circuit Court by the granting of the application or motion; and (3) the answer and return of the defendant purporting to show cause why jurisdiction should not be taken by the Court.

No doubt should be left as to the correctness of the statement of the third point above indicated. In the answer of the appellant, which is stated by him to be also "a return to the rule to show cause," it is alleged that the action is not maintainable under the limitation statute, Section 388 of the Code, which is the only statute under which the action can be supported from the limitation standpoint; that the plaintiff was guilty of negligence in failing to assert its judgment or to preserve the lien thereof, and that its conduct called into play the doctrines of estoppel, *laches,* abandonment and waiver; that the maintenance of the action is against the policy of the law, etc.

Thus the appellant, confronted with a complaint upon a judgment, recognized that the action is one which is maintainable only upon compliance with the provisions of Section 354 of the Code, and interposed a return to the order *nisi* and an answer to the complaint which in the stated opinion of the appellant did not constitute the "good cause" required by Section 354 of the Code.

In other words, appellant recognized, as I think the language of the order *nisi* clearly required, that his burden was

to show why the action was not maintainable under Section 354 of the Code. And appellant lends emphasis to this controlling consideration when he argues in his printed brief, on the point now under discussion, that his fifth defense "alleges that plaintiff failed to follow the *procedure* as provided by the statute laws of this State."

The statute contains no directions as to the form in which leave of the court shall be granted. From the standpoints of due process and of fairness to the defendant in a suit of the present character, I am unable to conceive of a better way to afford him every opportunity to prevent the granting of the required leave of court than by giving him such a notice as was given in the present case, with full opportunity to be heard before any step leading to the hearing of the case on its merits is taken, and to be heard on the specific issue now under discussion, that is to say, whether leave of the Court should be granted for the institution of the suit, and whether good cause for the institution of the suit has been shown.

There being no statutory directions on the subject of the forms or procedure to be used, it is pertinent to observe that when the Circuit Court assumed jurisdiction of the cause by the granting of the order *nisi,* and gave appellant an opportunity to show cause why the Court should not permit the prosecution of the action it expressed itself as satisfied with that method of invoking the jurisdiction of the Circuit Court, and the permission of that Court to prosecute the suit as adopted by the respondent is a sound and proper method. Of course the conclusion thus reached by the Circuit Judge is reviewable, as all matters which are within the discretion of the Circuit Court are reviewable, but if the review discloses that there has been no abuse of the discretion in the exercise of the power granted the Circuit Court, this Court will not reverse. The reversal here adjudicated is tantamount to a ruling by this Court that there was an abuse of discretion on the part of the Circuit Judge, without the slightest indication that the course followed by

him failed to give the appellant any of the rights conferred by the statute, and particularly the right and opportunity to show the Court why it should not, as it proposed to do in the absence of a showing to the contrary, grant leave to prosecute the action.

When a Court proceeds with a cause, it necessarily decides that it has jurisdiction. 21 C. J. S., Courts, § 113, pp. 174, 175. And that is what "leave of the court" to sue entails. .

I think that in a large measure the holding in the majority opinion involves a misapprehension arising out of the fact that in this case the order *nisi* and the return thereto, involving the determination of the Court whether it would permit the action to proceed, were dealt with in the same final order of the Circuit Court that rendered judgment on the merits. Superficially it might be argued from this fact that the leave of the Court to prosecute the action and the entry of judgment on the merits were coincident acts, and that therefore the respondent's case lacks the separate successive elements of the granting of leave of Court and the hearing of the case on the merits.

But an examination of the record readily discloses that this was a situation created by the appellant himself. The order *nisi* and appellant's return thereto were fixed for hearing at a time specified in the order *nisi*. But the appellant chose to make his answer at the same time that he made his return, and to argue both of these matters before the Circuit Court at the same time. When he did this, he was in the situation of having to deal not merely with the sufficiency of his return on the question of the determination of the Court whether it would proceed to hear the cause, but also with the respondent's motion to strike his return and answer on the ground that the same were sham, frivolous, etc., and with respondent's demurrer that the answer did not disclose a defense to the complaint.

The Circuit Court, having expressly concluded that it would permit the litigation to proceed, therefore was com-

pelled to act on the demurrer and motion and did so by finding the answer insufficient and rendering judgment in accordance with the prayer of the complaint.

In other words, it was the action of the appellant in answering with an insufficient answer that brought about the judgment in favor of the respondent at the same time the leave to institute the action was granted, and not any premature or irregular action on the part of the respondent.

If we disregard the foregoing considerations, and proceed to a discussion of the question whether the judgment rendered in the present case is sustainable on the theory of waiver of the requirement of the granting of leave to institute the action, we need to bear in mind that to say that a defect is jurisdictional is a far different thing from saying that a jurisdictional defect is fatal and that considerations of waiver have no application. There are many illustrations of this.

The highest legal test that can be applied to the validity of legal proceedings is due process of law. Yet it is elementary that failure to bring the defendant into Court by the service of a summons is waived by answering, or by proof of knowledge that although proper service was not made on the defendant the institution of the action against him was known to him and that he failed to plead thereto. Too, although ."a defendant has the absolute right, and it is a valuable one, to have an action against him brought in the county of his residence," the failure of the defendant to raise the issue that he has been sued in the wrong county until after he has pleaded in the cause (and has presented testimony at the trial) constitutes waiver. *Rosamond v. Lucas-Kidd Motor Company,* 182 S. C., 331, 189 S. E., 641, 644.

Many other illustrations might be cited to show judicial recognition of the waiver of lack of jurisdiction where the issue is one of the jurisdiction of the person.

It is said that on the other hand lack of jurisdiction of the subject-matter of the action cannot be waived.

A striking illustration of the proposition that jurisdictional defects may be waived is contained in the case of *Senn v. Spartanburg County,* cited in the majority opinion. There, a salary claim against the county was disallowed by the county board. The proper action was to bring a suit in the original jurisdiction of the Court of Common Pleas for Spartanburg County. The claimant, however, proceeded in the Court of Common Pleas by way of appeal from the county board. There was no such appellate jurisdiction in the Court. "But in the interest of the practical administration of justice," the Court held that "because the parties voluntarily appeared and to all intents and purposes consented to trial", the judgment rendered by the lower Court as an appellate tribunal, though entirely outside of the jurisdiction of the Court, should be upheld [192 S. C., 489, 7 S. E. (2d), 457].

A nearer approach to the issue involved in the present discussion is found in the rule relating to the granting of temporary injunctions. Under the statute such injunctions "may be granted at the time of commencing the action, or at any time afterwards, before judgment * * *." Code, § 567. Although this statute thus purports to prevent the granting of the injunction until the action has been commenced—that is to say, until the summons has been served or lodged with the Sheriff for service, this Court has uniformly held that the injunction may be granted prior to the service of the summons.

But in the present case, we are not concerned with the distinction between jurisdiction of the person and jurisdiction of the subject-matter, because admittedly the Circuit Court here had jurisdiction both of the person and of the subject-matter of the action. The jurisdictional issue with which we are concerned is a matter of procedure. It is true that it is not a routine matter, but a matter that goes to the

right of the Court to proceed with the trial of the case prior to obtaining leave to bring the suit. Nevertheless, it remains a matter of procedure, far less vital to the defendant than the issue of jurisdiction of the person and at no point approaching the fundamentals involved in the doctrine of jur-, isdiction of the subject-matter.

The cases of this Court cited in the majority opinion on this point hold nothing to the contrary. In the case of *Ladshaw v. Hoskins* the wrong person was made defendant. And in the case of *Hunter v. Boyd* the action was an automobile attachment case for the death of an infant. At the time that case was decided, there was no provision in the automobile attachment law authorizing the proceeding on behalf of an administrator. In *Rosamond v. Lucas-Kidd Motor Company* the Court was dealing with the subject of waiver of personal jurisdiction, and held that it could be waived.

When we add together the facts that the Court had jurisdiction of the defendant and of the subject-matter of the action, that the defendant, before the institution of the action, was ordered to appear before the Court on the issue of the respondent's right to obtain the relief demanded, and that except for the purpose of respondent and of the Court to comply with Section 354 of the Code there was no need or purpose in applying for or granting the order *nisi*, it is difficult to find in the field of jurisprudence with which we are dealing any legal principle upon which the appellant can rely to escape the consequences of his failure to challenge the right or power of the Court to proceed, or to excuse his inability to show any reason why the Court should not proceed.

It is apparent that Section 354 of the Code was taken from the New York practice code as it existed at the time of the adoption of a code of practice in this State. From the references to the New York law contained in the majority opinion, it is apparent that there was a difference of opinion

among the inferior Courts of New York as to whether the failure to obtain leave of the Court to institute an action of the present character was jurisdictional, and if so, whether the defect can be cured *nunc pro tunc* or waived. But this difference of opinion, according to the review of the cases by MR. JUSTICE FISHBURNE, was resolved by the highest Court of the State of New York (*Lane v. Salter,* cited in the prevailing opinion), which held that the failure to obtain leave of Court was a mere irregularity which might be waived, and that leave might be granted *nunc pro tunc.* As I understand the New York law, from the citations and quotations given in the majority opinion, the change of the rule in that state to make leave of the Court an indispensable jurisdictional prerequisite arose from a change in the langauge of the applicable statute. In its original form, the New York statute, like the South Carolina statute, merely required that leave of court be obtained to institute an action of the present character. The Legislature of the State of New York apparently was dissatisfied with the holding of the Court in the case of *Salter v. Lane* that this requirement is not jurisdictional, and that noncompliance with it was a mere irregularity that could be waived; and in consequence, the Legislature enacted a new law prohibiting the bringing of actions of the present character "unless * * * the court * * * has *previously* made an order, granting leave to bring it." Code Civ. Proc. § 1913. (Emphasis added.) This statutory language evidently is construed by the New York Courts, according to the majority opinion herein, to involve a separate and distinct proceeding to obtain the leave of Court, thus differentiating the New York situation from that prevailing in South Carolina not only as to suits of the present character but also suits for an injunction within the provisions of Section 567 of the Code hereinabove referred to.

It appears to me that the reason and justice of the matter was met by the South Dakota Supreme Court cases cited in

the majority opinion. See also 34 C. J., 1084. The added facts that the appellant does not claim that he has any reasons for resisting the granting of leave by the Court, or any defense to the action, other than the considerations which were set forth in his return and answer, and which are palpably insufficient, lend emphasis to the desirability of applying the rule that it is "in the interest of the practical administration of justice" to dispose of the case in the action now before the Court, rather than invite the institution of a new suit on the judgment in question under the provisions of Section 745 of the Code.

On the merits, that is to say, on the question whether the respondent was entitled to judgment on the pleadings, I adopt the conclusions of the Circuit Judge.